**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION**

| | |
|---|---|
| CITY OF ANN ARBOR EMPLOYEES' RETIREMENT SYSTEM, on Behalf of Itself and All Others Similarly Situated, | ) ) ) ) |
| Plaintiff, | ) CASE NO: 4:08-cv-2348-TLW-TER ) ) |
| v. | ) ) |
| SONOCO PRODUCTS CO., HARRIS E. DELOACH JR., and CHARLES J. HUPFER, | ) ) ) ) |
| Defendants. | ) ) ) |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION FOR RECONSIDERATION OR, IN THE ALTERNATIVE, FOR AMENDMENT OF THE AUGUST 14, 2009 ORDER TO INCLUDE CERTIFICATION FOR INTERLOCUTORY APPEAL**

**I.     INTRODUCTION**

Defendants continue to believe that existing precedent requires dismissal of this case. At the same time, there are certain issues presented that would provide an opportunity for the United States Court of Appeals for the Fourth Circuit to address at least three questions that repeatedly arise in securities cases.

*First*, the Amended Complaint alleges that Defendants failed to disclose a fact regarding price concessions when they announced forward-looking earnings guidance. The Court's August 14, 2009 Order (the "Order") did not dismiss those allegations. The controlling question of law that arises is whether an omission is actionable if the underlying statement is a forward-looking statement of earnings guidance.

The Fourth Circuit holds that a forward-looking statement is immaterial as a matter of law, and, thus, not actionable. Raab v. Gen. Physics Corp., 4 F.3d 286, 290 (4th Cir. 1993). At least one District Court in the Fourth Circuit has interpreted this rule of law to mean that an omission claim is not actionable if the underlying statement is a forward-looking statement because forward-looking statements are immaterial, and, thus, not actionable in the Fourth Circuit. In re Trex Co. Sec. Litig., 454 F. Supp. 2d 560, 577 (W.D. Va. 2006). The Order, however, reached the opposite result. Defendants continue to believe that Trex properly rejected the type of claim alleged in this case.

Because the Court ruled to the contrary, certification of the Order will provide the Fourth Circuit the opportunity to clarify for this Court and other District Courts in the Fourth Circuit whether an omission claim premised on a forward-looking statement is actionable in light of Raab and the Safe Harbor.[1]

***Second***, the Order raises the issue of what it means to plead "*sufficient* facts to support a *reasonable belief* in the allegation that the defendant's statement was misleading." Teachers' Ret. Sys. of La. v. Hunter, 477 F.3d 162, 174 (4th Cir. 2007). The Order held that the one statement of present fact in the Amended Complaint – the statement that Sonoco's company-wide selling prices were higher – is actionable as pled because the Amended Complaint included sufficient facts to plead the falsity of that statement.

But the Amended Complaint does not allege any facts to show that Sonoco's company-wide selling prices were lower. At best, the only fact alleged is that one segment of Sonoco gave price concessions to a customer, which does not foreclose the possibility that overall company-wide selling prices were, as stated by Defendants, higher. Certification of the Order would allow the Fourth Circuit to clarify whether Plaintiff may plead falsity of a statement relating to the

---

[1] The Safe Harbor may be found at 15 U.S.C. § 78u-5.

Company as a whole by alleging only that the statement is false when applied to one customer in one segment of the Company.

***Third***, the Order held that the Amended Complaint adequately pled facts giving rise to the requisite strong inference of scienter. The fact that the Order recites is the Amended Complaint's allegation that one of the Defendants sold Company stock. The Fourth Circuit recently held that a defendant's sale of 13% of his holdings was not sufficient to give rise to an inference of scienter. Cozzarelli v. Inspire Pharm. Inc., 549 F.3d 618, 628 (4th Cir. 2008).

Here, the stock sales, which resulted from Mr. DeLoach's exercise of stock options, constituted 17% of Mr. DeLoach's holdings. Certification of the Order would provide the Fourth Circuit the opportunity to clarify whether sales of 17% of a defendant's holdings is sufficiently similar to the 13% at issue in Cozzarelli to require dismissal of the Amended Complaint for failure to allege a strong inference of scienter.

In addition, the Amended Complaint relied on Mr. DeLoach's stock sales to support an inference of scienter as to Mr. Hupfer, a Defendant who did not sell any Company stock during the class period. The Order did not dismiss Mr. Hupfer. Certification of the Order would allow the Fourth Circuit to clarify whether one individual Defendant's stock sales may be used to support a strong inference that a wholly separate individual Defendant acted with scienter.

It is manifestly proper for the Court to certify the Order for interlocutory appeal. In fact, a number of Circuit Courts of Appeal have found the interlocutory appeal option provided by 28 U.S.C. § 1292(b) to be a useful vehicle for clarifying several questions prompted by the Reform Act. See, e.g., South Ferry LP v. Killinger, 542 F.3d 776 (9th Cir. 2008); Teamsters Local 445 Freight Div. Pension Fund v. Dynex Capital Inc., 531 F.3d 190 (2d Cir. 2008); Bryant v. Avado

Brands, Inc., 187 F.3d 1271 (11th Cir. 1999); Mathews v. Kidder, Peabody, & Co., Inc., 161 F.3d 156 (3d Cir. 1998).

Certification of the Order for immediate appeal will provide an opportunity for guidance to the District Courts of the Fourth Circuit in securities class actions and will materially advance the resolution of this case. Accordingly, Defendants move for certification pursuant to 28 U.S.C. § 1292(b).

Alternatively, Defendants move for reconsideration of the Order. Defendants respectfully submit that the Court should reconsider its prior ruling because (a) the forward-looking statements alleged in the Amended Complaint are immaterial as a matter of law pursuant to the Fourth Circuit's holding in Raab; (b) the Amended Complaint does not allege that the one statement of present fact, which is Defendants' statement that the Company as a whole had higher selling prices, is false; and (c) the Amended Complaint's allegations of Mr. DeLoach's stock sales do not give rise to an inference of scienter pursuant to the Fourth Circuit's holding in Cozzarelli.

Two factors militate in favor of reconsideration rather than interlocutory appeal. First, the Court applied the standard for dismissal under Conley v. Gibson, 355 U.S. 41 (1957), which has been abrogated by Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007). Second, the Court did not address specifically the lack of stock sales by Mr. Hupfer. There are insufficient allegations about scienter as to all Defendants, and no scienter allegations whatsoever relevant to Mr. Hupfer. Therefore, Defendants request that the Court reconsider the Order and dismiss Mr. Hupfer at a minimum.

II.  **ARGUMENT AND AUTHORITY**

   A.  **Certification for Interlocutory Appeal Is Appropriate at the Motion to Dismiss Stage in Putative Securities Class Actions**

An order that is not otherwise appealable may be certified for immediate appeal by the District Court when "such order involves a controlling question of law as to which there is a substantial ground for difference of opinion and … immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b).

"A question of law is generally considered to be controlling within the meaning of § 1292(b) if the action would have been terminated had the district court ruled the opposite way." City of Charleston v. Hotels.com, 586 F. Supp. 2d 538, 542 (D.S.C. 2008).  Certification for interlocutory appeal is appropriate in "extraordinary cases where significant effort and expense would be spared by appellate review prior to the entry of final judgment." Id.

Securities class actions covered by the Reform Act undoubtedly fall within the category of "extraordinary cases" where interlocutory appeal at the motion to dismiss stage is appropriate. Several Circuit Courts of Appeal have recognized that decisions on Reform Act pleading issues are suited to certification for appeal under Section 1292(b) by granting applications for interlocutory appeal from orders that have been so certified.  See, e.g., South Ferry LP v. Killinger, 542 F.3d 776 (9th Cir. 2008); Teamsters Local 445 Freight Division Pension Fund v. Dynex Capital Inc., 531 F.3d 190 (2d Cir. 2008); Bryant v. Avado Brands, Inc., 187 F.3d 1271 (11th Cir. 1999); Mathews v. Kidder, Peabody, & Co., Inc., 161 F.3d 156 (3d Cir. 1998).

A number of Circuit Courts of Appeal have accepted applications for interlocutory appeal of Reform Act motion to dismiss orders for at least two reasons.  First, Section 1292(b) is particularly helpful as to Reform Act cases because several unsettled issues of law were created by the statute's reforms and because those issues arise repeatedly in Reform Act cases.

Second, the Reform Act was designed to prevent "the abuse of the discovery process to impose costs so burdensome that it is often economical for the victimized party to settle." H.R. Conf. Rep. No. 104-369, at 31 (1995), reprinted in 1995 U.S.C.C.A.N. 730, 731. As the Fourth Circuit recognizes, "[t]hrough the '[e]xacting pleading requirements' of the [Reform Act], Congress charged courts to be vigilant in preventing meritless securities fraud claims from reaching the discovery phase of litigation." Cozzarelli v. Inspire Pharm. Inc., 549 F.3d 618, 623 (4th Cir. 2008) (quoting Tellabs v. Makor Issues & Rights, Ltd., 551 U.S. 308, 314, 320 (2007)). Interlocutory appeal of Reform Act pleading issues spares the defendant the burdensome costs of discovery – the very costs the Reform Act was designed to prevent – while controlling issues of law regarding the Reform Act pleading standards are decided.

### B.     Certification for Interlocutory Appeal is Appropriate Here

Certification of the Order for interlocutory appeal is appropriate. There can be no dispute that certification of the Order "may materially advance the ultimate termination of this lawsuit in that it will address … the legal sufficiency of the complaint." Smith v. Reagan, 663 F. Supp. 692, 697 (E.D.N.C. 1987). Thus, the question becomes whether the Order "involves a controlling question of law as to which there is a substantial ground for difference of opinion." 28 U.S.C. § 1292(b). As explained below, the Order involves three controlling questions of law that make the Order particularly suited for interlocutory appeal.

#### 1.     Question No. 1: Is an Omission from an Immaterial Forward-Looking Statement Actionable?

The Court recognized in the Order that "many of the [allegedly misleading] statements outlined in the amended complaint concern the projected earnings per share for the defendant company," which are forward-looking statements. See Order at 3. The Court also recognized that "plaintiffs argue that all of the statements outlined in the complaint are misleading in that the

statements omit a material fact necessary to prevent the statements from misleading the investing public." Id.

Implicit in the Court's denial of the motion to dismiss is that a forward-looking statement is actionable where plaintiff alleges defendants failed to disclose certain facts in conjunction with the publication of the forward-looking statement. This holding presents a controlling question of law as to which there is a substantial ground for difference of opinion.

It is clear that "the Fourth Circuit's rule [is] that projections of future performance not worded as guarantees are generally not actionable because they are not material." Pitten v. Jacobs, 903 F. Supp. 937, 942 (D.S.C. 1995) (citing Raab v. Gen. Physics Corp., 4 F.3d 286, 290 (4th Cir. 1993)). In other words, in the Fourth Circuit, forward-looking statements are not actionable because they are immaterial as a matter of law.

At least one District Court in the Fourth Circuit has interpreted this rule of law to mean that an omission claim, like the one Plaintiff alleges here, premised on a forward-looking statement is also not actionable. In re Trex Co. Sec. Litig., 454 F. Supp. 2d 560 (W.D. Va. 2006). As the Trex Court held, an "omission is only actionable if the underlying affirmative statements are material," and "statements of revenue and earnings growth" are not material "under the standards set forth by the Fourth Circuit." Id. at 577 (citing Raab, 4 F.3d at 289).

This Court did not follow the holding of the Trex Court. This Court held that an omission is actionable even where the underlying statement is an immaterial forward-looking statement. Certification of the Order would provide the Fourth Circuit the opportunity to clarify the issue and determine whether a forward-looking statement is immaterial, and, thus, not actionable, regardless of whether the claim is premised on a misstatement of fact or an omission of fact.

If the Fourth Circuit determines that all claims premised on forward-looking statements not worded as guarantees, including omission claims, are not actionable because the underlying statement is immaterial, then all but one of the statements on which Plaintiff's claim is premised would need to be dismissed from the Amended Complaint. This determination would significantly narrow and materially advance the ultimate termination of this litigation.

Alternatively, the Court could reconsider the Order, follow the holding in Trex, and dismiss from the Amended Complaint the claim premised on Defendants' forward-looking statements because those statements are immaterial as a matter of law in the Fourth Circuit. See Raab, 4 F.3d at 289.

### 2. Question No. 2: What Does the Reform Act Require a Plaintiff Allege to Plead Falsity with Particularity?

The one statement in the Amended Complaint that is not a forward-looking statement also presents a controlling question of law that makes certification of the Order appropriate.

The statement at issue is in paragraph 60 of the Amended Complaint and it is Defendants' statement that Sonoco, on the whole, was "able to recover much of the materials and other cost increases experienced during the quarter through higher selling prices." Amended Complaint at ¶ 60. The Amended Complaint alleges that this statement is purportedly false because "Sonoco had agreed to price concessions in its Consumer Packaging segment." Id. at ¶ 65. Although the Amended Complaint refers to price concessions in the plural, the Amended Complaint identifies only *one customer* (Mars) to whom the Consumer Packaging segment gave a price concession. Id. at ¶ 31.

As alleged in the Amended Complaint, Sonoco has three segments other than the Consumer Packaging segment – Tubes and Cores/Paper, Packaging Services, and Other. Id. at ¶ 15. The alleged misleading statement regarding higher selling prices applies to all four segments

of Sonoco, not just the Consumer Packaging segment. But there is no allegation that Sonoco's selling prices across all four divisions were lower. The only allegation of falsity is that a price concession was given in one segment to one customer.

The allegation about a price concession in one segment to one customer does not contradict Defendants' statement that company-wide selling prices were higher. A price concession in one segment could be accompanied by price increases in Sonoco's other three segments, which, on the whole, resulted in company-wide selling prices that were higher. In other words, the Amended Complaint fails to allege at all, much less with the requisite detail, that prices throughout the Company were lower, which would be necessary to allege that Defendants' statement about higher company-wide selling prices was false. In fact, the Amended Complaint does not even attempt to allege detail as to price concessions materially affecting the Company as a whole.

The Court's denial of the motion to dismiss implicitly holds that the Amended Complaint's allegations of falsity meet the heightened pleading requirements of the Reform Act. The Fourth Circuit has interpreted the Reform Act's pleading requirements to require Plaintiff to allege "*sufficient* facts to support a *reasonable belief* in the allegation that the defendant's statement was misleading." Teachers' Ret. Sys. of La. v. Hunter, 477 F.3d 162, 174 (4th Cir. 2007).

The Order raises the question of what constitutes sufficient facts. Specifically, can a plaintiff allege a company-wide trend exists by alleging facts that relate solely to one of the four segments of the company? The Order answers the question in the affirmative, but the Van Ormer case cited in the Order reaches a different conclusion. See Order at 5 (citing Van Ormer v. Aspen Tech, Inc., 145 F. Supp. 2d 101, 105 (D. Mass. 2000)).

In Van Ormer, the Court held, "allegations that *two* of [the Company's] core products were showing weak sales are, by themselves, immaterial since *overall* sales of [the Company's] core products could still have been increasing." Van Ormer, 145 F. Supp. 2d at 105. As applied here, the Van Ormer Court would hold that the allegation that *one* customer in one of Sonoco's segments had some lower selling prices is insufficient since *overall* selling prices at Sonoco could have been higher.

Certification of the Order would allow the Fourth Circuit to clarify what it means to plead "sufficient facts to support a reasonable belief in the allegation that the defendant's statement was misleading." Because all securities class action complaints must meet this standard, a ruling explaining this standard could provide key guidance for this case and others pending in the Fourth Circuit.

Alternatively, the Court could reconsider the Order and reject the Amended Complaint's attempt to plead falsity, particularly in light of the holding in Cozzarelli that "Congress required that plaintiffs make *specific* allegations of false statements *or else face dismissal*." Cozzarelli, 549 F.3d at 623 (emphasis added). Here, there simply is no allegation that the statement regarding higher company-wide selling prices is false. At best, all the Amended Complaint alleges is that price concessions were given in one segment to one customer. But this does not render false Defendants' statement that Sonoco had *overall* higher selling prices. Accordingly, the claim premised on Defendants' statement in paragraph 60 of the Amended Complaint regarding higher company-wide selling prices should be dismissed.

### 3. Question No. 3: Can a Plaintiff Plead a Strong Inference of Scienter by Alleging Stock Sales of One Defendant?

Since the Supreme Court's 2007 Tellabs decision defining just how "strong" an inference of scienter must be, the Reform Act's heightened pleading standard for scienter has become a

particularly appropriate issue for the Circuit Courts of Appeal to address on interlocutory appeal. See, e.g., South Ferry LP v. Killinger, 542 F.3d 776 (9th Cir. 2008); Teamsters Local 445 Freight Div. Pension Fund v. Dynex Capital Inc., 531 F.3d 190 (2d Cir. 2008).

This case provides the Fourth Circuit the opportunity to expound on the Cozzarelli decision, which is the first Fourth Circuit opinion to address the Tellabs holding. See, generally, Cozzarelli, 549 F.3d 618. The scienter allegations in Cozzarelli included, among others, allegations of insider stock sales, the SEC investigation of the company, Sarbanes-Oxley certifications, and the motivation to increase compensation. Id. at 627-28. The Fourth Circuit held that all these allegations combined did not give rise to a strong inference of scienter, and affirmed the District Court's dismissal of the complaint with prejudice. Id.

Here, the Court held that Plaintiff did plead sufficient facts to give rise to a strong inference of scienter because "[a]llegations concerning the sale of stock may support an inference of scienter under certain circumstances." See Order at 6. Although the Fourth Circuit has held that allegations concerning stock sales *may* support an inference of scienter, "it will only do so if the timing and amount of the sale(s) are '***unusual and suspicious***.'" In re PEC Solutions, Inc. Sec. Litig., 418 F.3d 379, 390 (4th Cir. 2005) (emphasis added).

In Cozzarelli, the Fourth Circuit did not consider the stock sales at issue to be unusual or suspicious because "[w]hen it consider[ed] the directors' total number of shares and vested stock options as stated in SEC filings, the stock sales highlighted by plaintiffs were modest to de minimis: Novack, Mossinghoff, and Shaffer sold 13%, 12%, and 3% of their holdings, respectively." Cozzarelli, 549 F.3d at 628.

Here, the one and only Defendant alleged to have made stock sales is Mr. DeLoach. Mr. DeLoach exercised stock options, which resulted in the sale of 17% of his total holdings. See

Docket No. 35 at 15. The question for the Fourth Circuit, thus, becomes whether sales of 17% of a defendant's holdings (as opposed to the 13% held insufficient to give rise to an inference of scienter in Cozzarelli) is enough to allege a strong inference of scienter. Other courts to consider the issue have held that the sale of 17% of a defendant's holdings is insufficient to give rise to a strong inference of scienter.

"[S]tock retention of over 80% by a defendant does not demonstrate unusual or suspicious trading under the Reform Act." In re Coca-Cola Enters. Inc. Sec. Litig., 510 F. Supp. 2d 1187, 1202 (N.D. Ga. 2007) (citing Acito v. IMCERA Group, Inc., 47 F.3d 47, 54 (2d Cir. 1995); In re Prestige Brands Holdings, Inc., 2006 WL 2147719, at *6 (S.D.N.Y. July 10, 2006)). Thus, certification of the Order would provide the Fourth Circuit the option to clarify what threshold of stock retention is required to negate an inference of scienter based on alleged stock sales.

Moreover, certification of the Order would allow the Fourth Circuit to clarify the result when only one defendant is alleged to have made stock sales. Here, Plaintiff has sued two individual Defendants – Mr. DeLoach and Mr. Hupfer. ***Mr. Hupfer is not alleged to have made any stock sales***, and, thus, it is implicit in the Court's Order that Mr. DeLoach's sales give rise to a strong inference of scienter as to Mr. Hupfer. At least one District Court in the Fourth Circuit has held the exact opposite – "Courts have found that where some defendants did not profit from the alleged fraud, any inference of scienter is negated as to all defendants." In re Humphrey Hospitality Trust, Inc. Sec. Litig., 219 F. Supp. 2d 675, 686 (D. Md. 2002).

Certification of the Order would allow the Fourth Circuit to clarify whether (a) one individual defendant's stock sales may be used to allege a strong inference of scienter against

another individual defendant and (b) whether stock sales below the threshold of 20% of a defendant's holdings adopted by other courts is an appropriate threshold in the Fourth Circuit.

Alternatively, for the reasons noted above, the Court could reconsider the Order, take guidance from the Fourth Circuit's holding in Cozzarelli that the sale of 13% of a defendant's holdings does not support an inference of scienter, and dismiss the Amended Complaint for failure to allege a strong inference of scienter. Cozzarelli, 549 F.3d at 628.

At a minimum, we ask the Court to reconsider its ruling as to Mr. Hupfer. There is no legally recognizable basis to retain Mr. Hupfer – who never sold a share of stock during the class period – as a Defendant in the case.

### III.  CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant this motion, reconsider its prior ruling as to the sufficiency of the allegations under the Reform Act, and dismiss the Amended Complaint. Alternatively, Defendants respectfully request that the Court amend the Order to certify the designated issues for interlocutory appeal pursuant to 28 U.S.C. § 1292(b) and stay discovery pending resolution of the appeal.

Respectfully submitted, this 26th day of August, 2009.

/s/ Manton M. Grier
William C. Boyd – D.S.C. No. 1432
Manton M. Grier – D.S.C. No. 2461
Robert Y. Knowlton – D.S.C. No. 2380
HAYNSWORTH SINKLER BOYD, P.A.
The Capital Center
1201 Main Street, Suite 2200 (29201)
Post Office Box 11889 (29211)
Columbia, South Carolina
(803) 779.3080

Todd R. David – Ga. Bar No. 206526

        John A. Jordak, Jr. – Ga. Bar No. 404250
        Lisa R. Bugni – Ga. Bar No. 143077
        ALSTON & BIRD LLP
        1201 West Peachtree Street
        Atlanta, Georgia 30309
        (404) 881.7000

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this day, I served a true and correct copy of the within and foregoing MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION FOR RECONSIDERATION OR, IN THE ALTERNATIVE, FOR AMENDMENT OF THE AUGUST 14, 2009 ORDER TO INCLUDE CERTIFICATION FOR INTERLOCUTORY APPEAL upon the following counsel of record as follows:

| | |
|---|---|
| William E. Hopkins, Jr.<br>HOPKINS & CAMPBELL, LLP<br>1122 Lady Street<br>Suite 1010<br>Columbia, South Carolina 29201 | *By CM/ECF* |
| Samuel H. Rudman<br>David A. Rosenfeld<br>Mario Alba Jr.<br>COUGLIN STOIA GELLER RUDMAN &<br>ROBBINS LLP<br>58 South Service Road, Suite 200<br>Melville, New York 11747 | *By CM/ECF* |
| Jack Reise<br>Michael Greenwald<br>Stephen Astley<br>COUGLIN STOIA GELLER RUDMAN &<br>ROBBINS LLP<br>120 East Palmetto Park Road, Suite 500<br>Boca Raton, Florida 33432 | *By CM/ECF* |

This 26th day of August, 2009.

/s/ Manton M. Grier
Manton M. Grier – D.S.C. No. 2461