**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**FLORENCE DIVISION**

| | |
|---|---|
| CITY OF ANN ARBOR EMPLOYEES' RETIREMENT SYSTEM, on Behalf of Itself and All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> SONOCO PRODUCTS CO., HARRIS E. DELOACH JR., and CHARLES J. HUPFER, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) )    CASE NO: 4:08-cv-2348-TLW-TER |

**DEFENDANTS' ANSWER AND DEFENSES TO**
**PLAINTIFF'S AMENDED CLASS ACTION COMPLAINT**

Defendants Sonoco Products Co. ("Sonoco"), Harris E. DeLoach, Jr., and Charles J.

Hupfer (Messrs. DeLoach and Hupfer are collectively referred to as the "Individual Defendants")

(Sonoco and the Individual Defendants are collectively referred to as the "Defendants"), by and

through their undersigned attorneys, hereby respond as follows to Plaintiff's Amended Class

Action Complaint (the "Amended Complaint").

**FOR A FIRST AND SEPARATE DEFENSE**

The Amended Complaint fails to state a claim upon which relief can be granted.

**FOR A SECOND AND SEPARATE DEFENSE**

The allegation in the unnumbered preamble to the Amended Complaint that the claims

asserted in the Amended Complaint arise "under and pursuant to Sections 10(b) and 20(a) of the

Exchange Act, 15 U.S.C. §§78j(b) and 78t(a), and Rule 10b-5 promulgated thereunder, 17 C.F.R.

§240.10b-5," attempts to state legal conclusions, which are incorrect, and which, in any event, do

not require a response and, therefore, are denied.  As to the remainder of the allegations contained in the unnumbered preamble to the Amended Complaint, Defendants are without knowledge or information sufficient to form a belief as to their truth, and, therefore, the allegations are denied.

Defendants respond to the enumerated paragraphs of the Amended Complaint as follows:

1.     Defendants admit that the Plaintiff has brought a lawsuit attempting to state a cause of action, but deny that the Plaintiff has stated any cause of action against them. Defendants deny the remaining allegations contained in paragraph 1 of the Amended Complaint.

2.     A description of Sonoco's business is contained in its public filings.  Defendants deny any allegations contained in paragraph 2 of the Amended Complaint inconsistent therewith.

3.     Defendants deny the allegations contained in paragraph 3 of the Amended Complaint.

4.     The daily trading price of Sonoco's stock on the public market is a matter of public record.  Defendants deny any allegations contained in paragraph 4 of the Amended Complaint inconsistent therewith.  Defendants deny the remaining allegations contained in paragraph 4 of the Amended Complaint.

5.     Defendants deny the allegations contained in paragraph 5 of the Amended Complaint.

6.     Defendants deny the allegations contained in paragraph 6 of the Amended Complaint.  To the extent the allegations in paragraph 6 refer to Defendants' February 7, 2007, public statements, those public statements speak for themselves.  Defendants deny any allegations contained in paragraph 6 of the Amended Complaint inconsistent therewith.

7.      Defendants deny the allegations contained in paragraph 7 of the Amended Complaint.  To the extent the allegations in paragraph 7 refer to Defendants' April 20, 2007, public statements, those public statements speak for themselves.  Defendants deny any allegations contained in paragraph 7 of the Amended Complaint inconsistent therewith.

8.      The daily trading price of Sonoco's stock on the public market is a matter of public record.  Defendants deny any allegations contained in paragraph 8 of the Amended Complaint inconsistent therewith.  Defendants' July 20, 2007, public statements speak for themselves.  Defendants deny any allegations contained in paragraph 8 of the Amended Complaint inconsistent therewith.  Defendants deny the remaining allegations contained in paragraph 8 of the Amended Complaint.

9.      To the extent the allegations contained in paragraph 9 of the Amended Complaint refer to Defendants' July 20, 2007, public statements, those public statements speak for themselves.  Defendants deny any allegations contained in paragraph 9 of the Amended Complaint inconsistent therewith.  Defendants deny the remaining allegations contained in paragraph 9 of the Amended Complaint.

10.     The daily trading price and volume of Sonoco's stock on the public market are matters of public record.  Defendants deny any allegations contained in paragraph 10 of the Amended Complaint inconsistent therewith.  Sonoco's September 18, 2007, press release speaks for itself.  Defendants deny any allegations contained in paragraph 10 of the Amended Complaint inconsistent therewith.  The allegations that Lead Plaintiff and the putative class suffered damages as a result of any stock price drop attempt to state legal conclusions, which are incorrect, and which, in any event, do not require a response and, therefore, are denied.

LEGAL02/31468202v4

Defendants deny the remaining allegations contained in paragraph 10 of the Amended Complaint.

11.    Defendants admit that the Amended Complaint purports to bring claims based on alleged violations of the referenced provisions of the Exchange Act and Rule 10b-5.  Defendants admit that the Amended Complaint purports to be based on the referenced jurisdictional provisions of the Exchange Act.  Defendants deny that the Amended Complaint states a claim and otherwise deny the allegations contained in paragraph 11 of the Amended Complaint.

12.    A description of the location of Sonoco's offices and other facilities is contained in its public filings.  Defendants deny any allegations contained in paragraph 12 of the Amended Complaint inconsistent therewith.  Defendants admit that the Amended Complaint purports to rely on 15 U.S.C. § 78aa and 28 U.S.C. § 1391(b).  Defendants deny that the Amended Complaint states a claim and otherwise deny the allegations contained in paragraph 12 of the Amended Complaint.

13.    Defendants deny the allegations contained in paragraph 13 of the Amended Complaint.

14.    The procedural history of this case is a matter of public record.  Defendants deny any allegations contained in paragraph 14 of the Amended Complaint inconsistent therewith. The allegation in paragraph 14 of the Amended Complaint regarding Lead Plaintiff being damaged attempts to state a legal conclusion, which is incorrect, and which, in any event, does not require a response and, therefore, is denied.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 14 of the Amended Complaint, and, therefore, the remaining allegations are denied.

15.     A description of Sonoco's business is contained in its public filings.  Defendants deny any allegations contained in paragraph 15 of the Amended Complaint inconsistent therewith.

16.     Defendant DeLoach's positions with Sonoco during the relevant time period are set forth in Sonoco's public filings.  Defendants deny any allegations contained in paragraph 16 of the Amended Complaint inconsistent therewith.

17.     Defendant Hupfer's positions with Sonoco during the relevant time period are set forth in Sonoco's public filings.  Defendants deny any allegations contained in paragraph 17 of the Amended Complaint inconsistent therewith.

18.     The allegations contained in paragraph 18 of the Amended Complaint do not require a response.

19.     The allegations in paragraph 19 of the Amended Complaint attempt to state legal conclusions, which are incorrect, and which, in any event, do not require a response and, therefore, are denied.  Defendants deny the remaining allegations contained in paragraph 19 of the Amended Complaint.

20.     The allegations in paragraph 20 of the Amended Complaint attempt to state legal conclusions, which are incorrect, and which, in any event, do not require a response and, therefore, are denied.  Defendants deny the remaining allegations contained in paragraph 20 of the Amended Complaint.

21.     The allegations in paragraph 21 of the Amended Complaint attempt to state legal conclusions, which are incorrect, and which, in any event, do not require a response and, therefore, are denied.  Defendants deny the remaining allegations contained in paragraph 21 of the Amended Complaint.

LEGAL02/31468202v4

22.     Defendants have at all times fully abided by all applicable laws, rules, and regulations, which speak for themselves.  The allegations in paragraph 22 of the Amended Complaint attempt to state legal conclusions, which are incorrect, and which, in any event, do not require a response and, therefore, are denied.  Defendants deny the remaining allegations contained in paragraph 22 of the Amended Complaint.

23.     The allegations in paragraph 23 of the Amended Complaint attempt to state legal conclusions, which are incorrect, and which, in any event, do not require a response and, therefore, are denied.  Defendants deny the remaining allegations contained in paragraph 23 of the Amended Complaint.

24.     A description of Sonoco's business is contained in its public filings.  Defendants deny any allegations contained in paragraph 24 of the Amended Complaint inconsistent therewith.

25.     A description of Sonoco's business is contained in its public filings.  Defendants deny any allegations contained in paragraph 25 of the Amended Complaint inconsistent therewith.

26.     A description of Sonoco's business is contained in its public filings.  Defendants deny any allegations contained in paragraph 26 of the Amended Complaint inconsistent therewith.

27.     A description of Sonoco's business is contained in its public filings.  Defendants deny any allegations contained in paragraph 27 of the Amended Complaint inconsistent therewith.

LEGAL02/31468202v4

28.     A description of Sonoco's business is contained in its public filings.  Defendants deny any allegations contained in paragraph 28 of the Amended Complaint inconsistent therewith.

29.     Sonoco's financial results are contained in its public filings.  Defendants deny any allegations contained in paragraph 29 of the Amended Complaint inconsistent therewith.  Defendants deny the remaining allegations contained in paragraph 29 of the Amended Complaint.

30.     Sonoco's financial results are contained in its public filings.  Defendants deny any allegations contained in paragraph 30 of the Amended Complaint inconsistent therewith.  Defendants deny the remaining allegations contained in paragraph 30 of the Amended Complaint.

31.     Sonoco's financial results are contained in its public filings.  Defendants deny any allegations contained in paragraph 31 of the Amended Complaint inconsistent therewith.  Charles Coker, Jr.'s  positions with Sonoco during the relevant time period are set forth in Sonoco's public filings.  Defendants deny any allegations contained in paragraph 31 of the Amended Complaint inconsistent therewith.  Defendants deny the remaining allegations contained in paragraph 31 of the Amended Complaint.

32.     Defendants deny the allegations contained in paragraph 32 of the Amended Complaint.

33.     To the extent the allegations contained in paragraph 33 of the Amended Complaint refer to the October 19, 2007, Third Quarter 2007 investor conference call, the transcript of that conference call speaks for itself.  Defendants deny any allegations contained in

LEGAL02/31468202v4

paragraph 33 of the Amended Complaint inconsistent therewith. Defendants deny the remaining allegations contained in paragraph 33 of the Amended Complaint.

34.    Defendants' public statements speak for themselves. Defendants deny any allegations contained in paragraph 34 of the Amended Complaint inconsistent therewith. Defendants deny the remaining allegations contained in paragraph 34 of the Amended Complaint.

35.    Defendants' public statements speak for themselves. Defendants deny any allegations inconsistent therewith. The stock sales by Defendant DeLoach during the relevant time period are a matter of public record. Defendants deny any allegations inconsistent therewith. Defendants deny the remaining allegations contained in paragraph 35 of the Amended Complaint.

36.    Defendants deny the allegations contained in paragraph 36 of the Amended Complaint. To the extent the allegations in paragraph 36 refer to Defendants' February 7, 2007, public statements, those public statements speak for themselves. Defendants deny any allegations contained in paragraph 36 of the Amended Complaint inconsistent therewith.

37.    Defendants' public statements speak for themselves. Defendants deny any allegations inconsistent therewith. Defendants deny the remaining allegations contained in paragraph 37 of the Amended Complaint.

38.    Defendants deny the allegations contained in paragraph 38 of the Amended Complaint. To the extent the allegations in paragraph 38 refer to Defendants' April 20, 2007, public statements, those public statements speak for themselves. Defendants deny any allegations contained in paragraph 38 of the Amended Complaint inconsistent therewith.

LEGAL02/31468202v4

39.     Defendants' July 20, 2007, public statements speak for themselves.  Defendants deny any allegations inconsistent therewith.  The daily trading price and volume of Sonoco's stock on the public market are matters of public record.  Defendants deny any allegations inconsistent therewith.  Defendants deny the remaining allegations contained in paragraph 39 of the Amended Complaint.

40.     Defendants' public statements speak for themselves.  Defendants deny any allegations inconsistent therewith.  Defendants deny the remaining allegations contained in paragraph 40 of the Amended Complaint.

41.     Sonoco's September 18, 2007, press release speaks for itself.  Defendants deny any allegations inconsistent therewith.  The daily trading price and volume of Sonoco's stock on the public market are matters of public record.  Defendants deny any allegations inconsistent therewith.  Defendants deny the remaining allegations contained in paragraph 41 of the Amended Complaint.

42.     Sonoco's February 7, 2007, press release speaks for itself.  Defendants deny any allegations contained in paragraph 42 of the Amended Complaint inconsistent therewith.  Defendants deny the remaining allegations contained in paragraph 42 of the Amended Complaint.

43.     The transcript of the February 7, 2007, Fourth Quarter 2006 investor conference call speaks for itself.  Defendants deny any allegations contained in paragraph 43 of the Amended Complaint inconsistent therewith.

44.     To the extent the allegations in paragraph 44 of the Amended Complaint refer to the February 7, 2007, Fourth Quarter 2006 investor conference call, the transcript of that conference call speaks for itself.  Defendants deny any allegations contained in paragraph 44 of

the Amended Complaint inconsistent therewith.  Defendants deny the remaining allegations contained in paragraph 44 of the Amended Complaint.

45.     To the extent the allegations in paragraph 45 of the Amended Complaint refer to the February 7, 2007, Fourth Quarter 2006 investor conference call, the transcript of that call speaks for itself.  Defendants deny any allegations contained in paragraph 45 of the Amended Complaint inconsistent therewith.  Defendants deny the remaining allegations contained in paragraph 45 of the Amended Complaint.

46.     The February 8, 2007, KeyBanc Capital Markets analyst report speaks for itself. Defendants deny any allegations contained in paragraph 46 of the Amended Complaint inconsistent therewith.

47.     To the extent the allegations contained in paragraph 47 of the Amended Complaint refer to the February 8, 2007, Wachovia Capital Markets, LLC analyst report, that document speaks for itself.  Defendants deny any allegations contained in paragraph 47 of the Amended Complaint inconsistent therewith.  Defendants deny the remaining allegations contained in paragraph 47 of the Amended Complaint.

48.     The daily trading price of Sonoco's stock on the public market is a matter of public record.  Defendants deny any allegations contained in paragraph 48 of the Amended Complaint inconsistent therewith.  Defendants deny the remaining allegations contained in paragraph 48 of the Amended Complaint.

49.     The allegations in paragraph 49 of the Amended Complaint attempt to state legal conclusions, which are incorrect, and which, in any event, do not require a response and, therefore, are denied.  Defendants deny the remaining allegations contained in paragraph 49 of the Amended Complaint.

LEGAL02/31468202v4

50.    The allegations in paragraph 50 of the Amended Complaint attempt to state legal conclusions, which are incorrect, and which, in any event, do not require a response and, therefore, are denied.  Defendants deny the remaining allegations contained in paragraph 50 of the Amended Complaint.

51.    Defendants' February 22, 2007, public statements speak for themselves. Defendants deny any allegations contained in paragraph 51 of the Amended Complaint inconsistent therewith.  Defendants deny the remaining allegations contained in paragraph 51 of the Amended Complaint.

52.    To the extent the allegations contained in paragraph 52 of the Amended Complaint refer to Mr. DeLoach's February 22, 2007, public statements, those public statements speak for themselves.  Defendants deny any allegations contained in paragraph 52 of the Amended Complaint inconsistent therewith.  Defendants deny the remaining allegations contained in paragraph 52 of the Amended Complaint.

53.    To the extent the allegations contained in paragraph 53 of the Amended Complaint refer to Defendants' February 22, 2007, public statements, those public statements speak for themselves.  Defendants deny any allegations contained in paragraph 53 of the Amended Complaint inconsistent therewith.  Defendants deny the remaining allegations contained in paragraph 53 of the Amended Complaint.

54.    The daily trading price of Sonoco's stock on the public market is a matter of public record.  Defendants deny any allegations contained in paragraph 54 of the Amended Complaint inconsistent therewith.  Defendants deny the remaining allegations contained in paragraph 54 of the Amended Complaint.

LEGAL02/31468202v4

55.    Sonoco's Form 10-K for the period ended December 31, 2006, is a matter of public record.  Defendants deny any allegations contained in paragraph 55 of the Amended Complaint inconsistent therewith.

56.    The certifications filed by Sonoco pursuant to Sarbanes-Oxley are a matter of public record.  Defendants deny any allegations contained in paragraph 56 of the Amended Complaint inconsistent therewith.

57.    Sonoco's Form 10-K for the period ended December 31, 2006, is a matter of public record.  Defendants deny any allegations contained in paragraph 57 of the Amended Complaint inconsistent therewith.  The allegations in paragraph 57 of the Amended Complaint attempt to state legal conclusions, which are incorrect, and which, in any event, do not require a response and, therefore, are denied.  Defendants deny the remaining allegations contained in paragraph 57 of the Amended Complaint.

58.    Sonoco's public statements speak for themselves.  Defendants deny any allegations contained in paragraph 58 of the Amended Complaint inconsistent therewith.  The allegations in paragraph 58 of the Amended Complaint attempt to state legal conclusions, which are incorrect, and which, in any event, do not require a response and, therefore, are denied.  Defendants deny the remaining allegations contained in paragraph 58 of the Amended Complaint.

59.    The daily trading price of Sonoco's stock on the public market is a matter of public record.  Defendants deny any allegations contained in paragraph 59 of the Amended Complaint inconsistent therewith.  Defendants deny the remaining allegations contained in paragraph 59 of the Amended Complaint.

LEGAL02/31468202v4

60.     Defendants deny the allegations contained in paragraph 60 of the Amended Complaint.  To the extent the allegations in paragraph 60 refer to Sonoco's April 20, 2007, press release, that press release speaks for itself.  Defendants deny any allegations contained in paragraph 60 of the Amended Complaint inconsistent therewith.

61.     The transcript of the April 20, 2007, First Quarter 2007 investor conference call speaks for itself.  Defendants deny any allegations contained in paragraph 61 of the Amended Complaint inconsistent therewith.

62.     The transcript of the April 20, 2007, First Quarter 2007 investor conference call speaks for itself.  Defendants deny any allegations contained in paragraph 62 of the Amended Complaint inconsistent therewith.

63.     To the extent the allegations in paragraph 63 of the Amended Complaint refer to the April 20, 2007, First Quarter 2007 investor conference call, the transcript of that call speaks for itself.  Defendants deny any allegations contained in paragraph 63 of the Amended Complaint inconsistent therewith.  Defendants deny the remaining allegations contained in paragraph 63 of the Amended Complaint.

64.     The daily trading price and volume of Sonoco's stock on the public market are matters of public record.  Defendants deny any allegations contained in paragraph 64 of the Amended Complaint inconsistent therewith.  Defendants deny the remaining allegations contained in paragraph 64 of the Amended Complaint.

65.     The allegations in paragraph 65 of the Amended Complaint attempt to state legal conclusions, which are incorrect, and which, in any event, do not require a response and,

therefore, are denied.  Defendants deny the remaining allegations contained in paragraph 65 of the Amended Complaint.

66.    The April 23, 2007, Wachovia Capital Markets, LLC analyst report speaks for itself.  Defendants deny any allegations contained in paragraph 66 of the Amended Complaint inconsistent therewith.

67.    Sonoco's Form 10-Q for the period ended April 1, 2007, is a matter of public record.  Defendants deny any allegations contained in paragraph 67 of the Amended Complaint inconsistent therewith.

68.    The certifications filed by Sonoco pursuant to Sarbanes-Oxley are a matter of public record.  Defendants deny any allegations contained in paragraph 68 of the Amended Complaint inconsistent therewith.

69.    The allegations in paragraph 69 of the Amended Complaint attempt to state legal conclusions, which are incorrect, and which, in any event, do not require a response and, therefore, are denied.  Defendants deny the remaining allegations contained in paragraph 69 of the Amended Complaint.

70.    The allegations in paragraph 70 of the Amended Complaint attempt to state legal conclusions, which are incorrect, and which, in any event, do not require a response and, therefore, are denied.  Defendants deny the remaining allegations contained in paragraph 70 of the Amended Complaint.

71.    Defendant Hupfer's public statements speak for themselves.  Defendants deny any allegations contained in paragraph 71 of the Amended Complaint inconsistent therewith.  Defendants deny the remaining allegations contained in paragraph 71 of the Amended Complaint.

- 14 -

72.     The daily trading price of Sonoco's stock on the public market is a matter of public record.  Defendants deny any allegations contained in paragraph 72 of the Amended Complaint inconsistent therewith.  Defendants deny the remaining allegations contained in paragraph 72 of the Amended Complaint.

73.     The allegations in paragraph 73 of the Amended Complaint attempt to state legal conclusions, which are incorrect, and which, in any event, do not require a response and, therefore, are denied.  Defendants deny the remaining allegations contained in paragraph 73 of the Amended Complaint.

74.     Sonoco's July 20, 2007, press release speaks for itself.  Defendants deny any allegations contained in paragraph 74 of the Amended Complaint inconsistent therewith.  Defendants deny the remaining allegations contained in paragraph 74 of the Amended Complaint.

75.     To the extent the allegations contained in paragraph 75 of the Amended Complaint refer to Sonoco's July 20, 2007, press release, that press release speaks for itself.  Defendants deny any allegations contained in paragraph 75 of the Amended Complaint inconsistent therewith.  Defendants deny the remaining allegations contained in paragraph 75 of the Amended Complaint.

76.     To the extent the allegations contained in paragraph 76 of the Amended Complaint refer to the July 20, 2007, Second Quarter 2007 investor conference call, the transcript of that conference call speaks for itself.  Defendants deny any allegations contained in paragraph 76 of the Amended Complaint inconsistent therewith.  Defendants deny the remaining allegations contained in paragraph 76 of the Amended Complaint.

77. To the extent the allegations contained in paragraph 77 of the Amended Complaint refer to the July 20, 2007, Second Quarter 2007 investor conference call, the transcript of that conference call speaks for itself. Defendants deny any allegations contained in paragraph 77 of the Amended Complaint inconsistent therewith. Defendants deny the remaining allegations contained in paragraph 77 of the Amended Complaint.

78. The July 20, 2007, Wachovia Capital Partners, LLC analyst report and other issued analyst reports about Sonoco speak for themselves. Defendants deny any allegations contained in paragraph 78 of the Amended Complaint inconsistent therewith.

79. The daily trading price and volume of Sonoco's stock on the public market are matters of public record. Defendants deny any allegations contained in paragraph 79 of the Amended Complaint inconsistent therewith. Defendants deny the remaining allegations contained in paragraph 79 of the Amended Complaint.

80. Defendants' public statements speak for themselves. Defendants deny any allegations contained in paragraph 80 of the Amended Complaint inconsistent therewith. Defendants deny the remaining allegations contained in paragraph 80 of the Amended Complaint.

81. The allegations in paragraph 81 of the Amended Complaint attempt to state legal conclusions, which are incorrect, and which, in any event, do not require a response and, therefore, are denied. Defendants deny the remaining allegations contained in paragraph 81 of the Amended Complaint.

82. The allegations in paragraph 82 of the Amended Complaint attempt to state legal conclusions, which are incorrect, and which, in any event, do not require a response and,

LEGAL02/31468202v4

therefore, are denied. Defendants deny the remaining allegations contained in paragraph 82 of the Amended Complaint.

83.    Sonoco's September 18, 2007, press release speaks for itself. Defendants deny any allegations contained in paragraph 83 of the Amended Complaint inconsistent therewith. Defendants deny the remaining allegations contained in paragraph 83 of the Amended Complaint.

84.    The daily trading price and volume of Sonoco's stock on the public market are matters of public record. Defendants deny any allegations contained in paragraph 84 of the Amended Complaint inconsistent therewith. Defendants deny the remaining allegations contained in paragraph 84 of the Amended Complaint.

85.    The October 19, 2007, Third Quarter 2007 investor conference call transcript speaks for itself. Defendants deny any allegations contained in paragraph 85 of the Amended Complaint inconsistent therewith. Defendants deny the remaining allegations contained in paragraph 85 of the Amended Complaint.

86.    Defendants have at all times fully abided by all applicable laws, rules, and regulations, which speak for themselves. Item 7 of Form 10-K, Item 2 of Form 10-Q, and Item 303 of Regulation S-K speak for themselves, and Defendants deny any allegations contained in paragraph 86 of the Amended Complaint inconsistent therewith. The allegations in paragraph 86 of the Amended Complaint attempt to state legal conclusions, which are incorrect, and which, in any event, do not require a response and, therefore, are denied. Defendants deny the remaining allegations contained in paragraph 86 of the Amended Complaint.

87.    Defendants have at all times fully abided by all applicable laws, rules, and regulations, which speak for themselves. The instructions to paragraph 303(a) of Regulation S-K

speak for themselves, and Defendants deny any allegations contained in paragraph 87 of the Amended Complaint inconsistent therewith.  The allegations in paragraph 87 of the Amended Complaint attempt to state legal conclusions, which are incorrect, and which, in any event, do not require a response and, therefore, are denied.  Defendants deny the remaining allegations contained in paragraph 87 of the Amended Complaint.

88.    Defendants have at all times fully abided by all applicable laws, rules, and regulations, which speak for themselves.  SEC Interpretive Release No. 34-26831 and Item 303 of Regulation S-K speak for themselves, and Defendants deny any allegations contained in paragraph 88 of the Amended Complaint inconsistent therewith.  The allegations in paragraph 88 of the Amended Complaint attempt to state legal conclusions, which are incorrect, and which, in any event, do not require a response and, therefore, are denied.  Defendants deny the remaining allegations contained in paragraph 88 of the Amended Complaint.

89.    Defendants have at all times fully abided by all applicable laws, rules, and regulations, which speak for themselves.  Sonoco's public filings are a matter of public record. Defendants deny any allegations contained in paragraph 89 of the Amended Complaint inconsistent therewith.  The allegations in paragraph 89 of the Amended Complaint attempt to state legal conclusions, which are incorrect, and which, in any event, do not require a response and, therefore, are denied.  Defendants deny the remaining allegations contained in paragraph 89 of the Amended Complaint.

90.    Defendants have at all times fully abided by all applicable laws, rules, and regulations, which speak for themselves.  The allegations in paragraph 90 of the Amended Complaint attempt to state legal conclusions, which are incorrect, and which, in any event, do

LEGAL02/31468202v4

not require a response and, therefore, are denied. Defendants deny the remaining allegations contained in paragraph 90 of the Amended Complaint.

91.     Defendants have at all times fully abided by all applicable laws, rules, and regulations, which speak for themselves. The allegations in paragraph 91 of the Amended Complaint attempt to state legal conclusions, which are incorrect, and which, in any event, do not require a response and, therefore, are denied. Defendants deny the remaining allegations contained in paragraph 91 of the Amended Complaint.

92.     Defendants have at all times fully abided by all applicable laws, rules, and regulations, which speak for themselves. The allegations in paragraph 92 of the Amended Complaint attempt to state legal conclusions, which are incorrect, and which, in any event, do not require a response and, therefore, are denied. Defendants deny the remaining allegations contained in paragraph 92 of the Amended Complaint.

93.     Defendants' public filings are a matter of public record. Defendants deny any allegations contained in paragraph 93 of the Amended Complaint inconsistent therewith. The allegations in paragraph 93 of the Amended Complaint attempt to state legal conclusions, which are incorrect, and which, in any event, do not require a response and, therefore, are denied. Defendants deny the remaining allegations contained in paragraph 93 of the Amended Complaint.

94.     Defendants' public statements speak for themselves. Defendants deny any allegations contained in paragraph 94 of the Amended Complaint inconsistent therewith. The stock sales by Defendant DeLoach during the relevant time period are a matter of public record. Defendants deny any allegations contained in paragraph 94 of the Amended Complaint

inconsistent therewith. Defendants deny the remaining allegations contained in paragraph 94 of the Amended Complaint.

95.    The stock sales by Defendant DeLoach during the relevant time period are a matter of public record. Defendants deny any allegations contained in paragraph 95 of the Amended Complaint inconsistent therewith. The allegations in paragraph 95 of the Amended Complaint attempt to state legal conclusions, which are incorrect, and which, in any event, do not require a response and, therefore, are denied. Defendants deny the remaining allegations contained in paragraph 95 of the Amended Complaint.

96.    The daily trading price and volume of Sonoco's stock on the public market are matters of public record. Defendants deny any allegations contained in paragraph 96 of the Amended Complaint inconsistent therewith. The allegations in paragraph 96 of the Amended Complaint attempt to state legal conclusions, which are incorrect, and which, in any event, do not require a response and, therefore, are denied. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 96 of the Amended Complaint regarding the knowledge of Lead Plaintiff or other members of the putative class at the time they purchased Sonoco's shares, and, therefore, the allegations are denied. Defendants deny the remaining allegations contained in paragraph 96 of the Amended Complaint.

97.    Sonoco's public filings are a matter of public record. Defendants deny any allegations contained in paragraph 97 of the Amended Complaint inconsistent therewith. The allegations in paragraph 97 of the Amended Complaint attempt to state legal conclusions, which are incorrect, and which, in any event, do not require a response and, therefore, are denied.

Defendants deny the remaining allegations contained in paragraph 97 of the Amended Complaint.

98.     The daily trading price and volume of Sonoco's stock on the public market are matters of public record.  Defendants deny any allegations contained in paragraph 98 of the Amended Complaint inconsistent therewith.  The allegations in paragraph 98 of the Amended Complaint attempt to state legal conclusions, which are incorrect, and which, in any event, do not require a response and, therefore, are denied.  Defendants deny the remaining allegations contained in paragraph 98 of the Amended Complaint.

99.     The allegations in paragraph 99 of the Amended Complaint attempt to state legal conclusions, which are incorrect, and which, in any event, do not require a response and, therefore, are denied.  Defendants deny the remaining allegations contained in paragraph 99 of the Amended Complaint.

100.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 100 of the Amended Complaint regarding the knowledge of Lead Plaintiff or other members of the putative class, and, therefore, the allegations are denied.  The allegations in paragraph 100 of the Amended Complaint attempt to state legal conclusions, which are incorrect, and which, in any event, do not require a response and, therefore, are denied.  Defendants deny the remaining allegations contained in paragraph 100 of the Amended Complaint.

101.    The allegations in paragraph 101 of the Amended Complaint attempt to state legal conclusions, which are incorrect, and which, in any event, do not require a response and, therefore, are denied.  Defendants deny the remaining allegations contained in paragraph 101 of the Amended Complaint.

LEGAL02/31468202v4

102.     The daily trading price of Sonoco's stock on the public market is a matter of public record.  Defendants deny any allegations contained in paragraph 102 of the Amended Complaint inconsistent therewith.  The allegations in paragraph 102 of the Amended Complaint attempt to state legal conclusions, which are incorrect, and which, in any event, do not require a response and, therefore, are denied.  Defendants deny the remaining allegations contained in paragraph 102 of the Amended Complaint.

103.     The daily trading price of Sonoco's stock on the public market is a matter of public record.  Defendants deny any allegations contained in paragraph 103 of the Amended Complaint inconsistent therewith.  The allegations in paragraph 103 of the Amended Complaint attempt to state legal conclusions, which are incorrect, and which, in any event, do not require a response and, therefore, are denied.  Defendants deny the remaining allegations contained in paragraph 103 of the Amended Complaint.

104.     Defendants' public statements on July 20, 2007, speak for themselves. Defendants deny any allegations contained in paragraph 104 of the Amended Complaint inconsistent therewith.  The daily trading price of Sonoco's stock on the public market is a matter of public record, and Defendants deny any allegations contained in paragraph 104 of the Amended Complaint inconsistent therewith.  The allegations in paragraph 104 of the Amended Complaint attempt to state legal conclusions, which are incorrect, and which, in any event, do not require a response and, therefore, are denied.  Defendants deny the remaining allegations contained in paragraph 104 of the Amended Complaint.

105.     The daily trading price and volume of Sonoco's stock on the public market are matters of public record.  Defendants deny any allegations contained in paragraph 105 of the

LEGAL02/31468202v4

Amended Complaint inconsistent therewith.  Defendants deny the remaining allegations contained in paragraph 105 of the Amended Complaint.

106.     The daily trading price of Sonoco's stock on the public market is a matter of public record.  Defendants deny any allegations contained in paragraph 106 of the Amended Complaint inconsistent therewith.  The allegations in paragraph 106 of the Amended Complaint attempt to state legal conclusions, which are incorrect, and which, in any event, do not require a response and, therefore, are denied.  Defendants deny the remaining allegations contained in paragraph 106 of the Amended Complaint.

107.     Defendants' public statements on July 20, 2007, speak for themselves.  Defendants deny any allegations contained in paragraph 107 of the Amended Complaint inconsistent therewith.   Defendants deny the remaining allegations contained in paragraph 107 of the Amended Complaint.

108.     Defendants' public statements on September 18, 2007, speak for themselves, and Defendants deny any allegations contained in paragraph 108 of the Amended Complaint inconsistent therewith.  The daily trading price and volume of Sonoco's stock on the public market are matters of public record.  Defendants deny any allegations contained in paragraph 108 of the Amended Complaint inconsistent therewith.   Defendants deny the remaining allegations contained in paragraph 108 of the Amended Complaint.

109.     The daily trading price and volume of Sonoco's stock on the public market are matters of public record.  Defendants deny any allegations contained in paragraph 109 of the Amended Complaint inconsistent therewith.  Defendants deny the remaining allegations contained in paragraph 109 of the Amended Complaint.

110.    The daily trading price and volume of Sonoco's stock on the public market are matters of public record.  Defendants deny any allegations contained in paragraph 110 of the Amended Complaint inconsistent therewith.  The allegations in paragraph 110 of the Amended Complaint attempt to state legal conclusions, which are incorrect, and which, in any event, do not require a response and, therefore, are denied.  Defendants deny the remaining allegations contained in paragraph 110 of the Amended Complaint.

111.    The daily trading price and volume of Sonoco's stock on the public market are matters of public record.  Defendants deny any allegations contained in paragraph 111 of the Amended Complaint inconsistent therewith.  The allegations in paragraph 111 of the Amended Complaint attempt to state legal conclusions, which are incorrect, and which, in any event, do not require a response and, therefore, are denied.  Defendants deny the remaining allegations contained in paragraph 111 of the Amended Complaint.

112.    The daily trading price and volume of Sonoco's stock on the public market are matters of public record.  Defendants deny any allegations contained in paragraph 112 of the Amended Complaint inconsistent therewith.  The allegations in paragraph 112 of the Amended Complaint attempt to state legal conclusions, which are incorrect, and which, in any event, do not require a response and, therefore, are denied.  Defendants deny the remaining allegations contained in paragraph 112 of the Amended Complaint.

113.    The allegations in paragraph 113 of the Amended Complaint attempt to state legal conclusions, which are incorrect, and which, in any event, do not require a response and, therefore, are denied.  Defendants deny the remaining allegations contained in paragraph 113 of the Amended Complaint.

LEGAL02/31468202v4

114.    Defendants admit that the Lead Plaintiff purports to bring its claims as a putative class action, but deny that Lead Plaintiff has stated any cause of action against them and deny that any class should be certified pursuant to Fed. R. Civ. P. 23.  Defendants deny the remaining allegations contained in paragraph 114 of the Amended Complaint.

115.    The allegations in paragraph 115 of the Amended Complaint attempt to state legal conclusions, which are incorrect, and which, in any event, do not require a response and, therefore, are denied.  Defendants deny the remaining allegations contained in paragraph 115 of the Amended Complaint.

116.    Defendants have at all times fully abided by all applicable laws, rules, and regulations, which speak for themselves.  The allegations in paragraph 116 of the Amended Complaint attempt to state legal conclusions, which are incorrect, and which, in any event, do not require a response and, therefore, are denied.  Defendants deny the remaining allegations contained in paragraph 116 of the Amended Complaint.

117.    Defendants adopt and re-allege their responses to paragraphs 1 through 116 above with the same force and effect as if fully set forth herein.

118.    Defendants have at all times fully abided by all applicable laws, rules, and regulations, which speak for themselves.  The allegations in paragraph 118 of the Amended Complaint attempt to state legal conclusions, which are incorrect, and which, in any event, do not require a response and, therefore, are denied.  Defendants deny the remaining allegations contained in paragraph 118 of the Amended Complaint.

119.    Defendants have at all times fully abided by all applicable laws, rules, and regulations, which speak for themselves.  The allegations in paragraph 119 of the Amended Complaint attempt to state legal conclusions, which are incorrect, and which, in any event, do

not require a response and, therefore, are denied. Defendants deny the remaining allegations contained in paragraph 119 of the Amended Complaint.

120. Defendants have at all times fully abided by all applicable laws, rules, and regulations, which speak for themselves. The allegations in paragraph 120 of the Amended Complaint attempt to state legal conclusions, which are incorrect, and which, in any event, do not require a response and, therefore, are denied. Defendants deny the remaining allegations contained in paragraph 120 of the Amended Complaint.

121. Defendants have at all times fully abided by all applicable laws, rules, and regulations, which speak for themselves. The allegations in paragraph 121 of the Amended Complaint attempt to state legal conclusions, which are incorrect, and which, in any event, do not require a response and, therefore, are denied. Defendants deny the remaining allegations contained in paragraph 121 of the Amended Complaint.

122. Defendants have at all times fully abided by all applicable laws, rules, and regulations, which speak for themselves. The allegations in paragraph 122 of the Amended Complaint attempt to state legal conclusions, which are incorrect, and which, in any event, do not require a response and, therefore, are denied. Defendants deny the remaining allegations contained in paragraph 122 of the Amended Complaint.

123. Defendants have at all times fully abided by all applicable laws, rules, and regulations, which speak for themselves. The allegations in paragraph 123 of the Amended Complaint attempt to state legal conclusions, which are incorrect, and which, in any event, do not require a response and, therefore, are denied. Defendants deny the remaining allegations contained in paragraph 123 of the Amended Complaint.

LEGAL02/31468202v4

124.     Defendants have at all times fully abided by all applicable laws, rules, and regulations, which speak for themselves.  The allegations in paragraph 124 of the Amended Complaint attempt to state legal conclusions, which are incorrect, and which, in any event, do not require a response and, therefore, are denied.  Defendants deny the remaining allegations contained in paragraph 124 of the Amended Complaint.

125.     Defendants have at all times fully abided by all applicable laws, rules, and regulations, which speak for themselves.  The allegations in paragraph 125 of the Amended Complaint attempt to state legal conclusions, which are incorrect, and which, in any event, do not require a response and, therefore, are denied.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 125 of the Amended Complaint regarding the knowledge of Lead Plaintiff or other members of the putative class at the time they purchased Sonoco's shares, and, therefore, the allegations are denied.  Defendants deny the remaining allegations contained in paragraph 125 of the Amended Complaint.

126.     Defendants have at all times fully abided by all applicable laws, rules, and regulations, which speak for themselves.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 126 of the Amended Complaint regarding the knowledge of Lead Plaintiff or other members of the putative class, and, therefore, the allegations are denied.  The allegations in paragraph 126 of the Amended Complaint attempt to state legal conclusions, which are incorrect, and which, in any event, do not require a response and, therefore, are denied.  Defendants deny the remaining allegations contained in paragraph 126 of the Amended Complaint.

127.    Defendants have at all times fully abided by all applicable laws, rules, and regulations, which speak for themselves.  The allegations in paragraph 127 of the Amended Complaint attempt to state legal conclusions, which are incorrect, and which, in any event, do not require a response and, therefore, are denied.  Defendants deny the remaining allegations contained in paragraph 127 of the Amended Complaint.

128.    Defendants have at all times fully abided by all applicable laws, rules, and regulations, which speak for themselves.  The allegations in paragraph 128 of the Amended Complaint attempt to state legal conclusions, which are incorrect, and which, in any event, do not require a response and, therefore, are denied.  Defendants deny the remaining allegations contained in paragraph 128 of the Amended Complaint.

129.    The Individual Defendants adopt and re-allege their responses to paragraphs 1 through 128 above with the same force and effect as if fully set forth herein.

130.    Defendants have at all times fully abided by all applicable laws, rules, and regulations, which speak for themselves.  The allegations in paragraph 130 of the Amended Complaint attempt to state legal conclusions, which are incorrect, and which, in any event, do not require a response and, therefore, are denied.  The Individual Defendants deny the remaining allegations contained in paragraph 130 of the Amended Complaint.  No response to paragraph 130 of the Amended Complaint is required from Defendant Sonoco because this paragraph is not alleged against Sonoco.

131.    Defendants have at all times fully abided by all applicable laws, rules, and regulations, which speak for themselves.  The allegations in paragraph 131 of the Amended Complaint attempt to state legal conclusions, which are incorrect, and which, in any event, do not require a response and, therefore, are denied.  The Individual Defendants deny the remaining

allegations contained in paragraph 131 of the Amended Complaint.  No response to paragraph 131 of the Amended Complaint is required from Defendant Sonoco because this paragraph is not alleged against Sonoco.

132.     Defendants have at all times fully abided by all applicable laws, rules, and regulations, which speak for themselves.  The allegations in paragraph 132 of the Amended Complaint attempt to state legal conclusions, which are incorrect, and which, in any event, do not require a response and, therefore, are denied.  Defendants deny the remaining allegations contained in paragraph 132 of the Amended Complaint.

With respect to the prayer for relief in the Amended Complaint, Defendants deny that Lead Plaintiff or the putative class are entitled to the relief requested, or any relief.

## FOR A THIRD AND SEPARATE DEFENSE

Defendants deny any allegations not specifically admitted above.

## FOR A FOURTH AND SEPARATE DEFENSE

This action, in whole or in part, is not maintainable as a class action under Fed. R. Civ. P. 23.

## FOR A FIFTH AND SEPARATE DEFENSE

Plaintiff cannot meet its burden of proving the essential elements of a claim under Section 10(b) of the Exchange Act:  (1) a material misstatement or omission, (2) by the defendant, (3) made in connection with the purchase or sale of a security, (4) and with scienter, (5) on which the investor reasonably relied, (6) that resulted in economic loss, (7) proximately caused by the alleged misstatement or omission (i.e., loss causation).

LEGAL02/31468202v4

## FOR A SIXTH AND SEPARATE DEFENSE

Plaintiff cannot meet its burden of proving the essential elements of a claim under Section 20(a) of the Exchange Act: (1) a primary violation under Section 10(b), (2) power by the defendant to control the specific transaction or activity upon which the primary violation is predicated, and (3) actual participation by the defendant (i.e., exercise of control) in the operations of the primary violator in general.

## FOR A SEVENTH AND SEPARATE DEFENSE

Plaintiff's purported claims and those of the putative class for control person liability are barred because the Individual Defendants at all times "acted in good faith and did not directly or indirectly induce" or control any acts constituting a violation of the securities laws. 15 U.S.C. § 78t(a).

## FOR AN EIGHTH AND SEPARATE DEFENSE

Plaintiff's purported claims and those of the putative class are barred due to the failure of the Amended Complaint to allege facts demonstrating any false or misleading statements and why those statements were false or misleading as required by the Private Securities Litigation Reform Act as well as Plaintiff's inability to prove any such facts.

## FOR A NINTH AND SEPARATE DEFENSE

Plaintiff's purported claims and those of the putative class are barred based on the truth and sufficiency of all statements upon which their alleged claims are based.

## FOR A TENTH AND SEPARATE DEFENSE

Plaintiff's purported claims and those of the putative class are barred because Defendants had no duty of disclosure with respect to the alleged misrepresentations or omissions.

LEGAL02/31468202v4

## FOR AN ELEVENTH AND SEPARATE DEFENSE

Plaintiff's purported claims and those of the putative class are barred because the allegedly false and misleading statements identified by Plaintiff were immaterial.

## FOR A TWELFTH AND SEPARATE DEFENSE

Plaintiff's purported claims and those of the putative class are barred to the extent that they are based on statements that are not attributable to Defendants.

## FOR A THIRTEENTH AND SEPARATE DEFENSE

Plaintiff's purported claims and those of the putative class are barred because Defendants did not know, and in the exercise of reasonable care could not have known, of any untruth or material omission that may be proved by Plaintiff.

## FOR A FOURTEENTH AND SEPARATE DEFENSE

Plaintiff's purported claims and those of the putative class are barred in that it has failed to plead its claims, or any strong inference of scienter or actual knowledge, with particularity, as required by the Private Securities Litigation Reform Act, Fed. R. Civ. P. 9(b), or otherwise.

## FOR A FIFTEENTH AND SEPARATE DEFENSE

Plaintiff's purported claims and those of the putative class are barred due to the failure of the Amended Complaint to allege facts demonstrating a strong inference of scienter, and Plaintiff's inability to prove any such facts, with regard to each Defendant and as to each alleged misstatement.

## FOR A SIXTEENTH AND SEPARATE DEFENSE

Plaintiff's purported claims and those of the putative class are barred because they cannot prove reliance on any alleged statements or actions of the Defendants.

LEGAL02/31468202v4

## FOR A SEVENTEENTH AND SEPARATE DEFENSE

Plaintiff's purported claims and those of the putative class are barred because they cannot meet the burden of proving that there was an "efficient market" with respect to Sonoco stock.

## FOR AN EIGHTEENTH AND SEPARATE DEFENSE

Plaintiff's purported claims and those of the putative class are barred because the Defendants' actions or alleged omissions were not the direct or proximate cause of Plaintiff's averred damages and the requisite "loss causation" is lacking.  See 15 U.S.C. § 78u-4(b)(4).

## FOR A NINETEENTH AND SEPARATE DEFENSE

Plaintiff's purported claims and those of the putative class are barred in whole or in part because the damages allegedly suffered (which Defendants contend there are none) are the proximate result of affirmative and/or independent actions of one or more third persons or parties over whom Defendants had no control and for whom Defendants are not liable.

## FOR A TWENTIETH AND SEPARATE DEFENSE

Any decline in the value of Plaintiff's Sonoco shares was caused by intervening and superseding causes.

## FOR A TWENTY-FIRST AND SEPARATE DEFENSE

Plaintiff's purported claims and those of the putative class are barred as and to the extent that they are founded on an aiding and abetting theory.

## FOR A TWENTY-SECOND AND SEPARATE DEFENSE

Plaintiff's purported claims and those of the putative class are barred by the "Bespeaks Caution Doctrine" and the "Safe Harbor Provision" of the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-5(c).

LEGAL02/31468202v4

### FOR A TWENTY-THIRD AND SEPARATE DEFENSE

Plaintiff's purported claims and those of the putative class are barred because the alleged omissions relate to forward looking statements, which are immaterial as a matter of law under Raab v. Gen. Physics Corp., 4 F.3d 286 (4th Cir. 1993).

### FOR A TWENTY-FOURTH AND SEPARATE DEFENSE

Plaintiff's purported claims and those of the putative class are barred because the Defendants did not employ any device, scheme, or artifice to defraud and did not engage in any act, practice, or course of conduct that operates or would operate as a fraud or deceit in connection with the purchase or sale of securities.

### FOR A TWENTY-FIFTH AND SEPARATE DEFENSE

To the extent Defendants were in possession of any of the information Plaintiff claims they failed to disclose, which Defendants contend they were not, Defendants did not assimilate and comprehend the significance of that information.

### FOR A TWENTY-SIXTH AND SEPARATE DEFENSE

To the extent Defendants failed to disclose material information, which Defendants deny, the "truth-on-the-market" doctrine precludes Plaintiff's claims because the information at issue was credibly made available to the market by other sources.

### FOR A TWENTY-SEVENTH AND SEPARATE DEFENSE

The Amended Complaint fails to state a claim against Defendants based upon "fraud-on-the-market" principles because the alleged misrepresentations and omissions would not have induced a reasonable investor to misjudge the value of Sonoco stock.

LEGAL02/31468202v4

## FOR A TWENTY-EIGHTH AND SEPARATE DEFENSE

The Amended Complaint fails to state a claim against Defendants based upon "fraud-on-the-market" principles for any putative class members who did not trade shares between the time the misrepresentations were made and the time the alleged "truth" was revealed.

## FOR A TWENTY-NINTH AND SEPARATE DEFENSE

Plaintiff's purported claims and those of the putative class are inactionable under the Santa Fe doctrine.

## FOR A THIRTIETH AND SEPARATE DEFENSE

The purported claims of some or all of the putative class are barred due to their failure to mitigate their damages as required by law and/or to the extent any alleged damages are not attributable to alleged violations of law.

## FOR A THIRTY-FIRST AND SEPARATE DEFENSE

Plaintiff lacks standing to prosecute this action.

## FOR A THIRTY-SECOND AND SEPARATE DEFENSE

Plaintiff's purported claims and those of the putative class are barred based on the doctrine of assumption of risk.

## FOR A THIRTY-THIRD AND SEPARATE DEFENSE

Plaintiff's purported claims and those of the putative class are barred by the doctrines of estoppel, laches, waiver, acquiescence, ratification, and/or the applicable statute of limitations.

## FOR A THIRTY-FOURTH AND SEPARATE DEFENSE

Plaintiff's purported claims and those of the putative class are barred because they have "unclean hands."

LEGAL02/31468202v4

## FOR A THIRTY-FIFTH AND SEPARATE DEFENSE

Plaintiff's purported claims and those of the putative class are not actionable because Defendants acted within their reasonable business judgment.

## FOR A THIRTY-SIXTH AND SEPARATE DEFENSE

Any recovery by Plaintiff and the putative class against Defendants would constitute unjust enrichment.

## FOR A THIRTY-SEVENTH AND SEPARATE DEFENSE

Plaintiff is not entitled to recovery of attorneys' fees in this action.

## FOR A THIRTY-EIGHTH AND SEPARATE DEFENSE

The Amended Complaint fails to state a claim under Fed. R. Civ. P. 12(b)(6).

## FOR A THIRTY-NINTH AND SEPARATE DEFENSE

Additional facts that are currently unknown to Defendants may be revealed through the course of discovery and further investigation that will support additional defenses. Defendants reserve the right to assert such defenses in the future.

WHEREFORE, Defendants respectfully request that this Court dismiss the Amended Complaint against them with prejudice, that they be awarded all costs and fees expended on their behalf, including attorneys' fees and other expenses, and that all Defendants be afforded such other and further relief that the Court may deem just and proper.

Respectfully submitted, this 28th day of August, 2009.

/s/ Manton M. Grier
William C. Boyd – D.S.C. No. 1432
Manton M. Grier – D.S.C. No. 2461
Robert Y. Knowlton – D.S.C. No. 2380
HAYNSWORTH SINKLER BOYD, P.A.
The Capital Center
1201 Main Street, Suite 2200 (29201)

Post Office Box 11889 (29211)
Columbia, South Carolina
(803) 779.3080

Todd R. David – Ga. Bar No. 206526
John A. Jordak, Jr. – Ga. Bar No. 404250
Lisa R. Bugni – Ga. Bar No. 143077
Elizabeth P. Skola – Ga. Bar No. 650901
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, Georgia 30309
(404) 881.7000

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this day, I served a true and correct copy of the within and foregoing **Defendants' Answer and Defenses to Plaintiff's Amended Class Action Complaint** upon the following counsel of record as follows:

William E. Hopkins, Jr.                    *By CM/ECF*
HOPKINS & CAMPBELL, LLP
1122 Lady Street
Suite 1010
Columbia, South Carolina 29201

Samuel H. Rudman                          *By CM/ECF*
David A. Rosenfeld
Mario Alba Jr.
COUGLIN STOIA GELLER RUDMAN &
ROBBINS LLP
58 South Service Road, Suite 200
Melville, New York 11747

Jack Reise                                *By CM/ECF*
COUGLIN STOIA GELLER RUDMAN &
ROBBINS LLP
120 East Palmetto Park Road, Suite 500
Boca Raton, Florida 33432

This 28th day of August, 2009.

/s/ Manton M. Grier
Manton M. Grier – D.S.C. No.  2461