UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH CAROLINA

FLORENCE DIVISION

| | | |
|---|---|---|
| CITY OF ANN ARBOR EMPLOYEES' RETIREMENT SYSTEM, on Behalf of Itself and All Others Similarly Situated, | ) ) ) ) | No. 4:08-cv-02348-TLW-TER |
| Plaintiff, | ) ) | <u>CLASS ACTION</u> |
| vs. | ) ) | |
| SONOCO PRODUCTS CO., HARRIS E. DELOACH JR., and CHARLES J. HUPFER, | ) ) ) ) | |
| Defendants. | ) ) ) | |

**LEAD PLAINTIFF'S OPPOSITION TO DEFENDANTS'
MOTION FOR RECONSIDERATION OR, IN THE ALTERNATIVE,
FOR AMENDMENT OF THE AUGUST 14, 2009 ORDER TO
<u>INCLUDE CERTIFICATION FOR INTERLOCUTORY APPEAL</u>**

# TABLE OF CONTENTS

**Page**

I.      PRELIMINARY STATEMENT ...................................................................................1

II.     PROCEDURAL BACKGROUND.............................................................................3

III.    ARGUMENT ..............................................................................................................5

        A.      Legal Standards for Certification Under 28 U.S.C. §1292(b) ...............................5

        B.      Certification Under 28 U.S.C. §1292(b) Is Improper ...............................................8

                1.      Defendants Do Not Posit Controlling Questions of Law Involving
                        Substantial Ground for Difference of Opinion ...........................................9

                        a.      Defendants' First Question Should Not Be Certified for
                                Interlocutory Appeal ....................................................................9

                        b.      Defendants' Second Question Should Not Be Certified for
                                Interlocutory Appeal ....................................................................11

                        c.      Defendants' Third Question Should Not Be Certified for
                                Interlocutory Appeal ....................................................................14

                2.      Certification Under 28 U.S.C. §1292(b) Will Not Materially
                        Advance the Litigation.............................................................................16

        C.      The Court Should Not Reconsider Its Order............................................................18

IV.     CONCLUSION...........................................................................................................19

## TABLE OF AUTHORITIES

**CASES**

*Ahrenholz v. Bd. of Trustees,*
    219 F.3d 674 (7th Cir. 2000) ........................................17

*Bell Atlantic Corp. v. Twombly,*
    550 U.S. 544 (2007)........................................................19

*Celanese Acetate, LLC, v. Lexcor, Ltd.,*
    2009 WL 2253210 (W.D.N.C. Jul. 28, 2009).................13

*City of Charleston v. Hotels.com, LP,*
    586 F. Supp. 2d 538 (D.S.C. 2008)....................6, 8, 12, 18

*Clark-Dietz & Associates-Engineers, Inc. v. Basic Const. Co,*
    702 F.2d 67 (5th Cir. 1983) ...........................................9

*Conley v. Gibson,*
    335 U.S. 41 (1957)........................................................19

*Cooke v. Manufactured Homes, Inc.,*
    998 F. 2d 1256 (4th Cir. 1993) ................................10, 11

*Cozzarelli v. Inspire Pharm., Inc.,*
    549 F.3d 618 (4th Cir. 2008) [Dkt. No. 36]..................3, 4

*Cromer Fin. Ltd. v. Berger,*
    2001 WL 1135627 (S.D.N.Y. Sept. 26, 2001)..................8

*CSX Trans., Inc. v. Gilkison,*
    2007 WL 1795608 (N.D. W.Va. Jun. 20, 2007).........6, 16

*Dodge v. Cambrex Corp.,*
    2007 WL 608365 (D. N.J. Feb. 23, 2007) ......................8

*Fener v. Belo Corp.,*
    2007 WL 4165709 (N.D. Tex. Nov. 26, 2007)..................8

*Fogarazzo v. Lehman Bros., Inc.,*
    2004 WL 1555136 (S.D.N.Y. Jul. 9, 2004) .................8, 18

*Harris v. Experian Info. Solutions, Inc.,*
    2007 WL 1863025 (D.S.C. Jun. 26, 2007) ...................1, 6

*Hennessy v. Penril Datacomm Networks*,
    69 F.3d 1344 (7th Cir. 1995) ........................................................15

*In re Amylin Pharm. Inc. Sec. Litig.*,
    2003 WL 21500525 (S.D. Cal. May 1, 2003).............................8, 11

*In re LDK Solar Sec. Litig.*,
    584 F. Supp. 2d 1230 (N.D. Cal. 2008) ....................................7, 13

*In re The Loewen Group Inc. Sec. Litig.*,
    2006 WL 27286 (E.D. Pa. Jan. 5, 2006) .................................18, 19

*In re Nash Finch Co. Sec. Litig.*,
    2007 WL 2226028 (D. Minn. Jul. 31, 2007) ...................................7

*In re Pisgah Contractors, Inc.*,
    117 F.3d 133 (4th Cir. 1997) ..........................................................6

*In re Stone Energy Corp. Sec. Litig.*,
    2007 WL 4144912 (W.D. La. Nov. 20, 2007) .................................7

*In re Trex Co. Sec. Litig.*,
    454 F. Supp. 2d 560 (W.D. Va. 2006) .......................................9, 10

*In re World Trade Center Disaster Site Litig.*,
    469 F. Supp. 2d 134 (S.D.N.Y. 2007)..............................................7

*In re Worldcom, Inc. Sec. Litig.*,
    2003 WL 2253398 (S.D.N.Y. Nov. 7, 2003) ...................................8

*Labelle v. Philip Morris, Inc.*,
    1999 WL 33591439 (D.S.C. Jun. 16, 1999) ....................................6

*Lefkoe v. Jos. A. Bank Clothiers, Inc.*,
    No. 1:06-cv-01892-WMN (D. Md. May 1, 2008) ...........................7

*Libon v. Infineon Techs., AG*,
    2006 U.S. Dist. LEXIS 76430 (E.D. Va. Aug. 7, 2006)................12

*Lovelace v. Software Spectrum*,
    78 F.3d 1015 (5th Cir. 1996) ........................................................15

*Malone v. Microdyne Corp.*,
    26 F.3d 471 (4th Cir. 1994) ..........................................................10

*Moorman v. UnumProvident Corp.*,
   464 F.3d 1260 (11th Cir. 2006) ........................................................6

*Myles v. Laffitte*,
   881 F.2d 125 (4th Cir. 1989) ...........................................................6

*Norfolk County Retirement Sys. v. Ustian*,
   No. 07 C 7014 (N.D. Ill. Aug. 27, 2009) ..........................................8

*Ottmann v. Hander Orthopedic Group, Inc.*,
   353 F.3d 338 (4th Cir. 2003) ..........................................................14

*Pacific Ins. Co. v. American Nat. Fire Ins. Co.*,
   148 F.3d 396 (4th Cir. 1998) ..........................................................18

*Raab v. Gen. Physics Corp.*,
   4 F.3d 286 (4th Cir. 1993) ...............................................................9

*Ross v. Abercrombie & Fitch Co.*,
   2007 WL 2446751 (S.D. Ohio Aug. 23, 2007)..................................8

*Rubinstein v. Collins*,
   20 F.3d 160 (5th Cir. 1994) .......................................................12, 16

*Ryan v. Flowserve Corp.*,
   444 F. Supp. 2d 718 (N.D. Tex. 2006) ........................................9, 13

*Schleicher v. Wendt*,
   2007 WL 4580035 (S.D. Ind. Dec. 27, 2007)....................................7

*South Ferry LP v. Killinger*,
   542  F.3d 776 (9th Cir. 2008) ...........................................................7

*St. Denis J. Villere & Co. v. Caprock Comm. Corp.*,
   2003 WL 21339286 (N.D. Tex. Jun. 4, 2003) ......................8, 13, 17

*Stephens v. Wachovia Corp.*,
   2008 WL 1820928 (W.D.N.C. Apr. 21, 2008) ................................18

*Teachers' Retirement System of Louisiana v. Hunter*,
   477 F.3d 162 (4th Cir. 2007) ........................................................3, 11

*Teamsters Local 445 Freight Div. Pension Fund v. Dynes Capital Inc.*,
   531 F.3d 190 (2d Cir. 2008)...............................................................7

*Tellabs Inc. v. Makor Issues & Rights, Ltd.*,
    551 U.S. 308 (2007)..................................................................................... *passim*

*Van Ormer v. Aspen Tech., Inc.*,
    145 F. Supp. 2d 101 (D. Mass. 2000) .........................................................12, 13

*Walker v. Action Indus.*,
    802 F.2d 703 (4th Cir. 1986) .........................................................................12

*Winn v. Symons Int'l. Group, Inc.*,
    2002 WL 826356 (S.D. Ind. May 1, 2002)..................................................8, 9

Lead Plaintiff City of Ann Arbor Employees' Retirement System ("Plaintiff") submits this memorandum of law in opposition to the motion for reconsideration or, in the alternative, for amendment of the August 14, 2009 order to include certification for interlocutory appeal ("Motion" or "Def. Mem.") filed by Defendants Sonoco Products Company ("Sonoco" or the "Company"), Harris E. DeLoach, Jr. ("DeLoach") and Charles J. Hupfer ("Hupfer") [Dkt. No. 54-2].[1]

## I.    PRELIMINARY STATEMENT

Not surprisingly, Defendants disagree with this Court's August 14, 2009 order denying their motion to dismiss (the "Order") [Dkt. No. 52].  However, a simple disagreement with the Court's application of facts to settled law is woefully insufficient to justify either reconsideration of the Order or an interlocutory appeal under 28 U.S.C. §1292(b).  If it were, one would be hard pressed to find any defendant who was unsuccessful in obtaining interlocutory review of a denial of a motion to dismiss.  Of course, that is contrary to the strong policy in this Circuit ***against*** piecemeal appeals and would permit appeals with no greater burden on a defendant than to say "the Court is wrong."  *See Harris v. Experian Info. Solutions, Inc.*, No. 6:06-cv-01808-GRA, 2007 WL 1863025, at *3 (D.S.C. Jun. 26, 2007) ("Moreover, it is axiomatic that a Section 1292 interlocutory appeal must be based on exceptional circumstances that justify a departure from the basic policy limiting appellate review to final judgments.  No such circumstances exist here.").[2]  As detailed more fully herein, Defendants cannot meet their substantial burden of demonstrating that the requirements of §1292(b) have been met – namely, that a controlling question of law involving a substantial ground  for difference of opinion exists and that the appeal will materially advance the termination of the litigation.  Likewise,

---

[1]    DeLoach and Hupfer are collectively referred to herein as the "Individual Defendants." Sonoco and the Individual Defendants are collectively referred to herein as "Defendants."

[2]    Citations, internal quotations, and footnotes are omitted, and emphasis is added, unless otherwise noted.

reconsideration is inappropriate because the Order does not contain a clear error of law resulting in manifest injustice. Indeed, the Court's Order is correct.

Despite the overwhelming disfavor of the use of §1292(b) in securities fraud cases, Defendants contrive three questions they claim warrant certification for interlocutory appeal: (1) whether an omission from a supposedly immaterial forward-looking statement is actionable; (2) what specific facts are required to be alleged to plead falsity with particularity; and (3) whether a plaintiff can plead a strong inference of scienter by alleging stock sales of one defendant. *See* Def. Mem. at 6-10. As explained herein, all three of these questions are constructed on the backs of faulty premises that are inconsistent with the Order, the operative complaint, and established case law. Stripped of their incorrect factual and legal predicates, these unremarkable issues boil down to Defendants' disagreement with the Court's application of the facts set forth in the Plaintiff's Amended Complaint ("Complaint") to settled law. Defendants were provided with ample opportunity to make these arguments in conjunction with their motion to dismiss and at lengthy oral argument. The Court rejected those arguments then, and while Defendants may disagree with the Court, such disagreements are not grounds for 1292(b) certification, nor is it appropriate for Defendants to recycle those same arguments as they do here in asking for reconsideration.

In short, and as the Court has already found, the Complaint more than adequately satisfies the heightened pleading standards established by the Private Securities Litigation Reform Act of 1995 ("PSLRA") and Rule 9(b). It details the falsity of Defendants' statements with particularity, and it provides specific facts that, when viewed cumulatively, demonstrate that Defendants acted with the requisite knowledge that their Class Period[3] statements were materially false and misleading when

---

[3]    The "Class Period" encompasses February 7, 2007 through September 18, 2007.

made. The Order contains no "clear error of law" and Defendants have failed to identify any controlling questions of law involving a substantial ground for difference of opinion. Moreover, an immediate appeal from the Order would not materially advance the ultimate termination of the litigation. As a result, and because the Order is legally sound, this Court should deny Defendants' Motion in its entirety and this case should be allowed to proceed without delay.

## II.    PROCEDURAL BACKGROUND

Plaintiff filed its Complaint on October 14, 2008 [Dkt. No. 27]. Thereafter, on November 5, 2008, Defendants moved to dismiss the Complaint [Dkt. No. 30]. Plaintiff filed its memorandum of law in opposition thereto on November 25, 2008, *see* Dkt. No. 33, and Defendants filed a reply on December 15, 2008 [Dkt. No. 35]. Defendants then filed a notice of supplemental authority on December 16, 2008, attaching the Fourth Circuit's opinion in *Cozzarelli v. Inspire Pharm., Inc.*, 549 F.3d 618 (4th Cir. 2008) [Dkt. No. 36]. On July 31, 2009, the Court heard oral argument for nearly three hours on Defendants' motion to dismiss, where Defendants presented the same underlying legal arguments set forth in their Motion.

On August 14, 2009, the Court issued the Order. In sustaining the Complaint's allegations at the motion to dismiss stage, the Court applied the heightened pleading requirements for securities fraud actions:

> Federal Rule of Civil Procedure 9(b) further requires that in all actions alleging fraud, the circumstances alleging the fraud must be 'stated with particularity.' In addition, the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4, places additional pleading requirements on private securities plaintiffs that significantly alter a court's analysis of a motion to dismiss in a private securities action.

> The Fourth Circuit has noted that the PSLRA modifies the traditional Rule 12(b)(6) analysis: (1) by requiring a plaintiff to *plead facts* to state a claim and (2) by authorizing the court to assume that the plaintiff has indeed stated *all* of the facts upon which he bases his allegation of a misrepresentation or omission. Teachers' Retirement System of Louisiana v. Hunter, 477 F.3d 162, 172 (4th Cir. 2007)

> (emphasis in original).  The PSLRA also requires a plaintiff to plead sufficient facts
> to raise a *strong inference* of scienter.  Id.

*See* Order at 2-3 (emphasis in original).

In applying these heightened pleading requirements, the court found that Plaintiff had adequately alleged that Defendants made actionable public statements:

> However, not all statements outlined in the complaint can be clearly classified as forward-looking at this stage.  For example, the statements outlined at paragraph 60 of the amended complaint appear to contain statements of historical and presently existing facts, including statements about company pricing policy.  The plaintiffs' pleadings allege that these statements of historical and presently existing fact are untrue in light of the alleged price concessions detailed in other portions of the complaint.  Further, at this stage in the litigation, it has not been disputed that the price concessions were given, nor that these price concessions were given prior to the start of the class period.  The Court does not conclude that the Safe Harbor provision outlined in 15 U.S.C. § 78u-5(c)(1)(A) provides the defendants with total immunity from liability in this action based on the inferences that can be drawn, at this stage in the proceedings, from the allegations in the amended complaint.

*See* Order at 3-4.

The Court also found that Plaintiff adequately alleged that Defendants' false and misleading statements were material:  "At this early stage in the litigation, based on a detailed review of the limited record, the Court concludes the allegations in regard to the failure to disclose the price concessions are sufficient to meet the materiality standard."  *See* Order at 6.

Finally, the Court concluded that Plaintiff adequately alleged that Defendants acted with scienter.  *See id.* (citing *Tellabs Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 324 (2007)).  In so doing, the Court noted that Plaintiff's "allegations of scienter [are] outlined in detail in the amended complaint."  These allegations of scienter are set forth in the Complaint and include, *inter alia*:

- Scienter can be inferred from the fact that the price concessions were large price discounts given to large customers like Mars because these discounts are "critical to a business's core operations."

4

- A former Company employee, a Senior Supply chain Analyst in the Flexible Packaging Division, recounted a meeting in the first quarter of 2007 attended by the division's general manager and others focused specifically on the fact that the division was then-experiencing a notable decline related to price concessions and lost accounts. ¶32.[4]

- The Company, by Defendants' own admission, "baked" the price concessions into their annual guidance prior to the start of the Class Period. ¶77. As a result, Defendants had to have known of the price concessions before making their Class Period public statements.

- DeLoach engaged in insider trading during the Class Period, whereby he sold 155,000 shares for gross proceeds of over $6.5 million. These sales – DeLoach's only stock sales in 2007 – are incredibly suspicious in timing in that they were made in May 2007, just two months before the price concessions were revealed to the market and one month after the Company raised its earnings guidance. ¶¶94-95.

- Defendants signed Sarbanes-Oxley certifications asserting their SEC filings were free from material misstatements and fairly presented the Company's financial position. ¶93.

Taking the Complaint's allegations holistically and "[a]pplying the standard set forth by the Supreme Court in Tellabs, the Court determine[d] that the plaintiffs have plead sufficient facts to deny the defendants' motion to dismiss." *See* Order at 6.

As a result of the Court's Order, the automatic discovery stay imposed by the PSLRA was lifted. Thereafter, on August 26, 2009, Defendants filed the instant Motion [Dkt. No. 54]. On September 3, 2009, the parties held their joint planning conference pursuant to Fed. R. Civ. P. 26(f).

## III.  ARGUMENT

### A.  Legal Standards for Certification Under 28 U.S.C. §1292(b)

Pursuant to 28 U.S.C. §1292(b), district courts have discretion to allow an interlocutory appeal of a non-final order only if: (1) the order involves a controlling question of law; (2) the question of law involves a substantial ground for difference of opinion; ***and*** (3) an immediate appeal

---

[4]     Citations to "¶__" refer to numbered paragraph found in the Complaint.

from the order may materially advance the ultimate termination of the litigation. *See In re Pisgah Contractors, Inc.*, 117 F.3d 133, 136-37 (4th Cir. 1997) (declining to exercise jurisdiction under §1292(b) and noting district court's finding that an immediate appeal would not advance the ultimate termination of the case); *City of Charleston v. Hotels.com, LP*, 586 F. Supp. 2d 538, 542 (D.S.C. 2008) (declining to certify denial of motion to dismiss for interlocutory appeal because certifications should be limited to "extraordinary cases"). In the Fourth Circuit, "[t]he procedural requirements of §1292(b) are to be strictly construed and applied." *CSX Trans., Inc. v. Gilkison*, No. 5:05CV202, 2007 WL 1795608, at *1 (N.D. W.Va. Jun. 20, 2007) (*citing Myles v. Laffitte*, 881 F.2d 125, 127 (4th Cir. 1989)).

It is well-settled that only "exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *Labelle v. Philip Morris, Inc.*, No. 2:98-3235-23, 1999 WL 33591439, at *1 (D.S.C. Jun. 16, 1999). Indeed, "[t]he proper division of labor between the district courts and the court of appeals and the efficiency of judicial resolution of cases are protected by the final judgment rule, and are threatened by too expansive use of the §1292(b) exception to it. Because **permitting piecemeal appeals is bad policy**, **permitting liberal use of §1292(b) interlocutory appeals is bad policy**." *Moorman v. UnumProvident Corp.*, 464 F.3d 1260, 1272 (11th Cir. 2006); *see also Labelle*, 1999 WL 33591439, at *1 ("Certification under §1292(b) is considered an extraordinary measure, as the law does not favor piece-meal appeals."). Importantly, "[t]he interlocutory appeal mechanism was not intended to be used in ordinary suits and was not designed to provide for early review of difficult rulings in hard cases." *CSX*, 2007 WL 1795608, at *1; *see also Harris*, 2007 WL 1863025, at *3 ("Moreover, it is axiomatic that a Section 1292 interlocutory appeal must be based on exceptional circumstances that justify a departure from the basic policy limiting appellate review to final judgments. No such

circumstances exist here."); *In re World Trade Center Disaster Site Litig.*, 469 F. Supp. 2d 134, 144 (S.D.N.Y. 2007) (noting that "federal practice strongly disfavors discretionary interlocutory appeals" and that interlocutory appeal is a "rare exception.").

The same rule applies in securities fraud cases and, contrary to Defendants' assertion, securities cases are not so "extraordinary" as to justify the departure from this well-established policy against piecemeal appeals. *See* Def. Mem. at 5.[5]   Indeed, courts consistently deny nearly identical motions for interlocutory review after denying a defendant's motion to dismiss. *See, e.g.*, *Lefkoe v. Jos. A. Bank Clothiers, Inc.*, No. 1:06-cv-01892-WMN (D. Md. May 1, 2008) (denying motion for 1292(b) certification); *In re LDK Solar Sec. Litig.*, 584 F. Supp. 2d 1230, 1260 (N.D. Cal. 2008) (denying motion for 1292(b) certification and for reconsideration, and finding the "motion to reconsider was largely frivolous" in that it simply "rehash[ed] old arguments."); *Schleicher v. Wendt*, No. 1:02-CV-1332-DFH-TAB, 2007 WL 4580035, at *2 (S.D. Ind. Dec. 27, 2007) ("Interlocutory appeals remain the exception and not the norm, even in securities fraud cases."); *In re Nash Finch Co. Sec. Litig.*, No. 05-2934 ADM/AJB, 2007 WL 2226028, at *1 (D. Minn. Jul. 31, 2007) ("A motion for certification must be granted sparingly and the movant bears the heavy burden of demonstrating that the case is an exceptional one in which immediate appeal is warranted."); *In re Stone Energy Corp. Sec. Litig.*, No. 05-2088, 2007 WL 4144912, at *1 (W.D. La. Nov. 20, 2007) (finding that "defendants' claim that the Court applied the law incorrectly is

---

[5]     In fact, Defendants only cite two securities cases from the past 10 years where a 1292(b) appeal was deemed appropriate by a court of appeals – neither of which were from this Circuit. *See* Def. Mem. at 3-4.  In both of those cases, *South Ferry LP v. Killinger*, 542  F.3d 776 (9th Cir. 2008) and *Teamsters Local 445 Freight Div. Pension Fund v. Dynes Capital Inc.*, 531 F.3d 190 (2d Cir. 2008), certification was granted to allow the circuit court to apply the Supreme Court's landmark decision in *Tellabs* for the first time.  In contrast, here there is no intervening change in controlling law for the Fourth Circuit to apply for the first time.

insufficient to satisfy 1292(b)."); *Fener v. Belo Corp.*, No. 3:04-CV-1836-D, 2007 WL 4165709 (N.D. Tex. Nov. 26, 2007) (denying motion for 1292(b) certification); *Ross v. Abercrombie & Fitch Co.*, No. 2:05-CV-819, 2007 WL 2446751, at *1 (S.D. Ohio Aug. 23, 2007) (same); *Dodge v. Cambrex Corp.*, No. 03-cv-4896 (PGS), 2007 WL 608365, at *4 (D. N.J. Feb. 23, 2007) (same); *Norfolk County Retirement Sys. v. Ustian*, No. 07 C 7014 (N.D. Ill. Aug. 27, 2009) (same); *In re Worldcom, Inc. Sec. Litig.*, No. 02 Civ. 3288(DLC), 2003 WL 2253398 (S.D.N.Y. Nov. 7, 2003) (same); *Cromer Fin. Ltd. v. Berger*, No. 00 CIV. 2284(DLC), 2001 Wl 1135627 (S.D.N.Y. Sept. 26, 2001) (same); *Fogarazzo v. Lehman Bros., Inc.*, No. 03 Civ. 5194(SAS), 2004 Wl 1555136 (S.D.N.Y. Jul. 9, 2004) (same); *St. Denis J. Villere & Co. v. Caprock Comm. Corp.*, No. Civ.A. 3:00CV1613-N, 2003 WL 21339286 (N.D. Tex. Jun. 4, 2003) (same); *In re Amylin Pharm. Inc. Sec. Litig.*, No. 01CV1455 BTM (NLS), 2003 WL 21500525 (S.D. Cal. May 1, 2003) (same); *Winn v. Symons Int'l. Group, Inc.*, No. IP 00-0310-C-B/S, 2002 WL 826356 (S.D. Ind. May 1, 2002) (same).

### B.    Certification Under 28 U.S.C. §1292(b) Is Improper

Despite the overwhelming disfavor of the use of §1292(b) in securities fraud cases, Defendants assert there are three issues warranting certification for interlocutory appeal: (1) whether an omission from a forward-looking statement is actionable; (2) what specific facts are required to be alleged to plead falsity with particularity; and (3) whether a plaintiff can plead a strong inference of scienter by alleging stock sales of one defendant.  *See* Def. Mem. at 6-10.  In short, all of these issues are unremarkable and undoubtedly concern disagreement over application of the facts set forth in the Complaint to settled law.  As such, Defendants cannot meet their substantial burden of demonstrating that the requirements of §1292(b) have been met for any of their arguments.

Moreover, Defendants' so-called "differences of opinion" are nothing more than quintessential fact-based challenges to the Court's ruling that are inappropriate for resolution through an interlocutory appeal.  *See, e.g., City of Charleston*, 586 F. Supp. 2d at 548 (finding

certification under 28 U.S.C. §1292(b) is not "appropriate for securing early resolution of disputes concerning whether the trial court properly applied the law to the facts"); *Clark-Dietz & Associates-Engineers, Inc. v. Basic Const. Co*, 702 F.2d 67, 68 (5th Cir. 1983) ("As they are posed, none of the questions is particularly difficult and most appear to be merely fact-review questions inappropriate for §1292(b) review. Even those questions that are legal may be foreclosed by the fact findings of the district court."); *Ryan v. Flowserve Corp.*, 444 F. Supp. 2d 718, 722 (N.D. Tex. 2006).

> As the court held in *Winn*:

> Defendant does not truly seek clarification of an abstract legal principle, but seeks to dispute the Court's application of the PSLRA's pleading standards to the Complaint in this matter. Such is not a proper subject for certification to the Court of Appeals. Therefore, because Defendants have failed to establish all of the necessary elements under §1292(b) to justify certification of our Order for immediate appeal, we *DENY* Defendants' Motion to certify the Order for Appeal under §1292(b).

2002 WL 826356, at *3.

### 1.     Defendants Do Not Posit Controlling Questions of Law Involving Substantial Ground for Difference of Opinion

As set forth above, Defendants advance three "questions" they argue should be certified for interlocutory appeal. None involve a controlling question of law for which there is substantial ground for difference of opinion. And each, as set forth below, is based on faulty premises at odds with established law, the Order, and the Complaint.

### a.     Defendants' First Question Should Not Be Certified for Interlocutory Appeal

First, Defendants ask the Court to certify the question of whether "an omission from an immaterial forward-looking statement is actionable." *See* Def. Mem. at 6-8. In crafting this question, Defendants grossly distort the law. To arrive at their faulty premise, Defendants cite *Raab v. Gen. Physics Corp.*, 4 F.3d 286, 290 (4th Cir. 1993) and *In re Trex Co. Sec. Litig.*, 454 F. Supp. 2d 560 (W.D. Va. 2006), for the proposition that, in the Fourth Circuit, ***all*** forward-looking statements

are immaterial as a matter of law. *See* Def. Mem. at 7. However, the Fourth Circuit has no such rule. *See, e.g.*, *Cooke v. Manufactured Homes, Inc.*, 998 F. 2d 1256, 1261-62 (4th Cir. 1993) (finding rosy forward-looking statements about the company's earnings to be actionable). As courts in the Fourth Circuit have repeatedly held, forward-looking statements can be actionable if, *inter alia*, "they are supported by specific statements of fact or are worded as guarantees." *Malone v. Microdyne Corp.*, 26 F.3d 471, 479 (4th Cir. 1994).

The court in *Trex* reached the same conclusion – finding that, under the circumstances of that case, "[b]ecause the defendants' statements are projections of future performance **not contingent on specific stated supporting facts**, and made without guarantee," those statements were not actionable. 454 F. Supp. 2d at 575. Defendants choose to ignore this well-settled law for good reason: Sonoco's earnings projections were made contingent on specifically stated supporting facts, namely that there was "no significant change in companywide volumes and/or prices." ¶¶42, 60. As noted in the Order, the gravamen of the Complaint is that Defendants gave significant price concessions prior to the start of the Class Period, and that these undisclosed price concessions created a serious risk of impacting, and did in fact impact, the Company's bottom line. *See* Order at 3-4. By making bold earnings projections predicated on there being no significant pricing and volume reductions, when such reductions had already taken place, Defendants' forward-looking statements were made actionable under established Fourth Circuit law. *See Cooke*, 998 F. 2d at 1261-62 (reversing grant of summary judgment and finding forward-looking earnings projections actionable).

Stripped of this faulty premise, Defendants' first question transforms into whether "an omission from a material[6] statement is actionable." The law is well-settled that omissions are

---

[6]     As the Court correctly found, and as Defendants do not contest, the test for determining whether a given statement is material is well-settled. *See* Order at 5 ("Courts have noted that the

actionable.  *See, e.g., Teachers' Retirement Sys.*, 447 F.3d at 172 (identifying elements of §10(b)

claims, including that "the defendant made a false statement or ***omission of material fact***").  As a

result, because the law is settled that an omission of a material fact can be actionable, there is no

substantial ground for difference of opinion, the Order is correct, and certification for 1292(b) appeal

is inappropriate.[7]

### b.    Defendants' Second Question Should Not Be Certified for Interlocutory Appeal

Next, Defendants ask the Court to certify the question of "what does the Reform Act require

a plaintiff to allege to plead falsity with particularity."  *See* Def. Mem. at 8-10.  In attempting to

clarify their question, Defendants explain:

> The Order raises the question of what constitutes sufficient facts.  Specifically, can a plaintiff allege a company-wide trend exists by alleging facts that relate solely to one of the four segments of the company?

Def. Mem. at 9.  Defendants then argue that the Court erred in finding that "the allegation that *one*

customer in one of Sonoco's segments had some lower selling prices" renders false Sonoco's

---

'determination of materiality is a mixed question of law and fact that generally should be presented to a jury,' and that '[o]nly if no reasonable juror could determine that the [alleged statements] would have 'assumed actual significance in the deliberations of the reasonable [investor]' should materiality be determined as a matter of law.").  *See also Cooke*, 998 F. 2d at 1262 (holding that "materiality of information is a mixed question of law and fact and generally not properly resolved by summary judgment.").

[7]     In addition, and as the Court found, not all of the statements alleged to be false and misleading were forward-looking.  *See* Order at 3-4; *see also* ¶60.  Thus, even if there was "substantial ground for difference of opinion" on this point – which there is not – certification and reversal by the Fourth Circuit would not "materially advance the ultimate termination of the litigation."  For this additional reason, 1292(b) certification is inappropriate. *See In re Amylin*, 2003 WL 21500525, at *10 (denying 1292(b) certification because, *inter alia*, "an immediate appeal from the Court's ruling on Defendants' cautionary language would not materially advance the ultimate termination of the litigation because, as discussed above, only one of the statements in dispute is forward-looking.  The other statements are not eligible for safe harbor protection.").

assertion that it "had *overall* higher selling prices." *See id*. at 10 (emphasis in original). To reach this faulty premise, Defendants grossly distort the Complaint and the Order. In truth, in Defendants' April 20, 2007 press release, the Company stated **both** that the Company overall had "higher selling prices" **and**, in a section of the same press release entitled "Segment Review," that Sonoco's Consumer Packaging segment (the segment at issue in this case) in particular – where the price concessions were given – had "higher selling prices." ¶60. Thus, the premise of Defendants' argument is incorrect and should be disregarded. As the Court found, "[t]he plaintiffs' pleadings allege that these statements of historical and presently existing fact are untrue in light of the alleged price concessions detailed in other portions of the complaint." *See* Order at 4.[8]

At its core, Defendants' motion reflects their disagreement with the Court's conclusion that the Complaint adequately alleged sufficient facts to plead the element of a material misrepresentation or omission at the motion to dismiss stage. This type of intensively fact-based disagreement is entirely inappropriate for 1292(b) certification.[9]  *See City of Charleston*, 586 F.

---

[8]    Even if these statements are literally true – which they were not – "[u]nder Rule 10b-5, a duty to speak the full truth arises when a defendant undertakes a duty to say anything. Although such a defendant is under no duty to disclose every fact or assumption underlying a prediction, he must disclose material, firm-specific adverse facts that affect the validity or plausibility of that prediction." *Rubinstein v. Collins*, 20 F.3d 160, 170 (5th Cir. 1994); *Walker v. Action Indus.*, 802 F.2d 703, 710 (4th Cir. 1986) ("[I]f a company undertakes projection disclosures, it must make the full disclosures necessary to avoid making the statements misleading."); *Libon v. Infineon Techs., AG*, No. 3:04CV929, 2006 U.S. Dist. LEXIS 76430, at *20 (E.D. Va. Aug. 7, 2006) ("[W]hen a corporation does make a disclosure – whether it be voluntary or required – there is a duty to make it complete and accurate."). When Defendants chose to discuss higher selling prices in their Consumer Packaging segment, they had a duty to disclose that, in reality, they had given material price concessions to at least one of their largest customers.

[9]    While Defendants rely on *Van Ormer v. Aspen Tech., Inc.*, 145 F. Supp. 2d 101 (D. Mass. 2000), *see* Def. Mem. at 9-10, that case has no bearing here where the issue is whether there is a "controlling question of law" that "involves a substantial ground for difference of opinion." *Van Ormer* is a district court case from Massachusetts and is not controlling here. More importantly, as set forth above, Defendants claimed in their April 20, 2007 press release (¶60) that selling prices

Supp. 2d at 548 ("Certification … is not intended as a vehicle to provide early review of difficult

rulings in hard cases.  Nor is it appropriate for securing early resolution of disputes concerning

whether the trial court properly applied the law to the facts."); *Celanese Acetate, LLC, v. Lexcor,*

*Ltd.*, No. 3:08-cv-530-FDW, 2009 WL 2253210, at *2 (W.D.N.C. Jul. 28, 2009) ("Factual disputes

such as this are precisely the kind of dispute reserved for the trier of fact, not for the judge to resolve

before discovery has even commenced.  As such, the Court does not believe that immediate appeal

would serve the purposes of 28 U.S.C. §1292(b) and will not certify its Order for appeal."); *Ryan v.*

*Flowserve Corp.*, 444 F. Supp. 2d 718, 722 (N.D. Tex. 2006) ("[T]he issue for appeal must involve a

question of *law* – not fact.  And a 'question of law' does not mean the application of settled law to

disputed facts.") (emphasis in original).

As the court in *Caprock* explained in denying the defendants' motion for reconsideration or

for §1292(b) certification of the denial of their motion to dismiss:

> The Court simply disagrees with Defendants regarding the adequacy of the Amended
> Complaint viewed in the light of that precedent.  Neither the PSLRA nor the Fifth
> Circuit precedents construing the PSLRA have completely supplanted jury trials or
> motions for summary judgment after discovery with a motion to dismiss.
>
> *          *          *
>
> The Court simply does not assess the Amended Complaint the same way Defendants
> do.  That disagreement is not such stuff as interlocutory appeals are made on.

2003 WL 21339286, at *1.

---

were not just higher at the Company as a whole, but also specifically in their Consumer Packaging
segment, a statement clearly contradicted by the price concessions given to customers in the
same division prior to the start of the Class Period.  In any event, the Court already considered *Van Ormer*
and determined that the facts here do not warrant dismissal.  *See* Order at 5.  Defendants'
"rehashing" of old arguments is not grounds for granting a motion for reconsideration or for 1292(b)
certification.  *See In re LDK Solar Sec. Litig.*, 584 F. Supp. 2d at 1260.

Likewise here, Defendants' disagreement with this Court's finding that the Complaint pleads sufficient facts to satisfy the pleading requirements of the PSLRA "is not such stuff as interlocutory appeals are made on." *See id*.

**c.    Defendants' Third Question Should Not Be Certified
for Interlocutory Appeal**

Third, Defendants seek certification of the following question: "Can a plaintiff plead a strong inference of scienter by alleging stock sales of one defendant?" *See* Def. Mem. at 10-13. In formulating this question, Defendants again mischaracterize the Order. While the Court found that "[a]llegations concerning the sale of stock may support an inference of scienter under certain circumstances," the Court did not limit its findings to insider trading allegations. *See* Order at 6. Rather, the Court examined all of "the plaintiffs' allegations of scienter as outlined in detail in the amended complaint" and, "[a]pplying the standard set forth by the Supreme Court in *Tellabs*, the Court determine[d] that the plaintiffs have plead sufficient facts to deny the defendants' motion to dismiss." *Id*.

While Defendants impermissibly seek to scrutinize Plaintiff's allegations in isolation by focusing solely on Defendant DeLoach's stock sales, *Tellabs* directs otherwise. *See Tellabs*, 551 U.S. at 326 ("In sum, the reviewing court must ask: When the allegations are accepted as true and taken collectively, would a reasonable person deem the inference of scienter at least as strong as any opposing inference?"). Explicitly rejecting a higher standard advocated by the *Tellabs* defendants, the Supreme Court further concluded that "[t]he inference that the defendant acted with scienter need not be irrefutable, *i.e.*, of the 'smoking-gun' genre, or even the 'most plausible of competing inferences.'" *Id*. at 324. To be sure, instead of a "most plausible of competing inferences" standard, *Tellabs* now instructs courts reviewing securities fraud complaints "not to scrutinize each allegation in isolation but to assess all the allegations holistically." *Id*. at 326; *Ottmann v. Hander Orthopedic*

14

*Group, Inc.*, 353 F.3d 338 at 345-46 (4th Cir. 2003) (adopting "a flexible, case-specific analysis,"

the Fourth Circuit has held that "courts should not restrict their scienter inquiry by focusing on

specific categories of facts, such as those relating to motive and opportunity, but instead should

examine all of the allegations in each case to determine whether they collectively establish a strong

inference of scienter."). Thus, as a threshold issue, what inferences are to be drawn from particular

insider stock sales, in isolation, is not a controlling question of law and not case dispositive. As a

result, §1292(b) certification is inappropriate.

Moreover, Defendants' analysis of the import of Defendant DeLoach's stock sales is both

factually and legally incorrect. As the Supreme Court made clear in *Tellabs*, the absence of motive

allegations do not negate the inference of scienter: "[w]hile it is true that motive can be a relevant

consideration, and personal financial gain may weigh heavily in favor of a scienter inference, we

agree with the Seventh Circuit that the absence of a motive allegation is not fatal." *Tellabs*, 551 U.S.

at 325. At bottom, "allegations must be considered collectively; the significance that can be ascribed

to an allegation of motive, or lack thereof, depends on the entirety of the complaint." *Id*.

Accordingly, because the Supreme Court has conclusively settled the issue that insider stock sales

are ***not necessary*** to establish scienter, there is no controlling issue for appellate review.

Defendants' argument is also factually incorrect. While Defendants solely focus on the

***amount*** of Defendant DeLoach's stock sales as a percentage of his purported holdings,[10] Defendants

fail to address the incredibly suspicious timing of those sales. Here, the Complaint alleges that

---

[10] Such a factual argument is inappropriate at the motion to dismiss stage of the proceedings.
The total amount of stock owned by Mr. DeLoach was not pled in the Complaint and is not a matter
that can be judicially noticed. While the Court may review the Company's SEC's filings that are
referenced in the Complaint on a motion to dismiss, it is axiomatic that the Court cannot assume the
truth of the matters asserted therein. *Lovelace v. Software Spectrum*, 78 F.3d 1015, 1018 (5th Cir.
1996); *Hennessy v. Penril Datacomm Networks*, 69 F.3d 1344, 1354-55 (7th Cir. 1995).

DeLoach sold 155,000 shares of Sonoco stock for proceeds of $6,687,108.  ¶95.  While the gross

amounts of these sales are more than enough to be probative of scienter, *see Rubinstein*, 20 F.3d at

169 (stock proceeds of $760,599 for seven defendants were sufficient to allege scienter), the

impeccable timing of the sales creates a strong inference of scienter.  That is, DeLoach's only stock

sales in 2007 were impeccably timed, as they were executed in May 2007, less than two months

before Sonoco revealed it would miss Wall Street's expectations in July 2007 and one month after

the Company revised its earnings guidance upwards.  ¶¶94-95.  Consequently, and as the Court

concluded, DeLoach's stock sales, in combination with other indicia of scienter, support a strong

inference of Defendants' scienter.  *See* Order at 6.

### 2. Certification Under 28 U.S.C. §1292(b) Will Not Materially Advance the Litigation

Finally, certification of the Order will not materially advance the litigation but, rather, will

have the opposite effect.  As the Court explained in *West Virginia Laborers' Pension Trust Fund*:

> Although Defendants have not sought a stay of the case while an interlocutory appeal
> is pending,[11] such an appeal would obviously be a significant distraction to either or
> both parties in conducting the litigation here in the most efficient and economical
> fashion.  The parties' discovery plan and case management suggestions thus far have
> been perceptive and should lead to a timely conclusion of the case via summary
> judgment or trial.  That is the best and just course in this complex matter, especially
> given the developing legal landscape.

1998 WL 964983, at *2 (S.D. W. Va. Aug. 12, 1998) (denying motion for certification under

§1292(b)); *see also CSX Trans.*, 2007 WL 1795608, at *2 (denying to certify interlocutory appeal

---

[11]    Here, as set forth in n.14 below, Defendants have sought a stay of discovery while an
interlocutory appeal is pending.  *See* Def. Mem. at 13.  Thus, and even more so than in *West Virginia
Laborers' Pension Trust Fund*, "an appeal would obviously be a significant distraction to either or
both parties in conducting the litigation here in the most efficient and economical fashion."  *See*
1998 WL 964983, at *2

because of absence of "exceptional circumstances and because the factors for interlocutory appeal have not been adequately established").

That is, even if the Court assumes that there is a controlling question of law in this case – which there is not – an immediate appeal will not materially advance the ultimate termination of this litigation.  Defendants' reasoning that an interlocutory appeal here hypothetically could end the litigation is technically true of every denial of every motion to dismiss and, if applied, would cause the exception to swallow the rule against piecemeal appeals.  *See Ahrenholz v. Bd. of Trustees*, 219 F.3d 674, 676 (7th Cir. 2000) ("The federal scheme does not provide for an immediate appeal solely on the ground that such an appeal may advance the proceedings in the district court.").

Defendants seek to immediately appeal the Order, ironically enough, to prevent the imposition of burdensome costs.  *See* Def. Mem. at 6.  Of course, by moving for reconsideration in the first place, and then by seeking interlocutory review of a non-final order, Defendants are doing exactly that – delaying the prompt and efficient resolution of this matter and generating costs on the parties associated with additional motion practice.  In truth, certification of an immediate appeal will only further delay the prosecution of this action.

Additionally, the very complex and fact-specific nature of the appeal sought by Defendants make it unlikely that, even if successful, such an appeal would terminate the litigation.  In fact, there would be a very real probability that the Fourth Circuit would reject Defendants' arguments, in whole or in part, or, given the fact-based questions raised by Defendants, permit Plaintiff to amend the Complaint.  Thus, there is no basis to claim that an appeal will materially advance this action when, in the unlikely event Defendants are successful, an amendment to the Complaint would be all but inevitable.  *See, e.g.*, *Caprock*, 2003 WL 21339286, at *1 ("Second, such an appeal would not materially advance the ultimate termination of the litigation. It would, at most, require Plaintiffs to

replead and delay the upcoming trial, and as such would materially retard the ultimate termination of the litigation."); *Fogarazzo*, 2004 WL 1555136, at *2 (denying §1292(b) certification because "reversal would likely result in an amended complaint (and another motion to dismiss), further delaying the ultimate disposition of this case.").  For all of these reasons, the Court should decline to exercise its discretion to certify a denial of Defendants' Rule 12(b)(6) motion for interlocutory appeal pursuant to 28 U.S.C. §1292(b).

### C.    The Court Should Not Reconsider Its Order

Defendants also ask the Court to reconsider its Order.  However, "[r]econsideration of a judgment is an extraordinary remedy which should be used sparingly." *City of Charleston*, 586 F. Supp. 2d at 541 (*citing Pacific Ins. Co. v. American Nat. Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998)).  Courts may grant a motion for reconsideration for three reasons: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice. *Id. See also Stephens v. Wachovia Corp.*, No. 3:06cv246, 2008 WL 1820928, at *2 (W.D.N.C. Apr. 21, 2008) (denying motion for reconsideration).

Importantly, "[m]otions to reconsider may not be used to initiate arguments or legal theories that the proponent had the ability to address prior to the judgment." *City of Charleston*, 586 F. Supp. 2d at 541.  In securities fraud cases, "[i]t is improper on a motion for reconsideration to ask the Court to rethink what it had already thought through – rightly or wrongly." *In re The Loewen Group Inc. Sec. Litig.*, No. Civ.A. 98-6470, 2006 WL 27286, at *2 (E.D. Pa. Jan. 5, 2006) (denying motion to reconsider denial of motion for summary judgment and noting that "[m]ere dissatisfaction with the court's ruling is not a proper basis for reconsideration.").

As set forth above, the Court's Order was not erroneous, let alone one causing the "manifest injustice" required for reconsideration. *See City of Charleston*, 586 F. Supp. 2d at 541.  Rather, the

18

Court applied controlling Fourth Circuit law and found that the Complaint adequately alleged securities fraud.[12]  As such, reconsideration is inappropriate.[13]

## IV.    CONCLUSION

As discussed herein, Defendants' motion for reconsideration or, in the alternative, for certification for interlocutory appeal should be denied in its entirety.[14]  As the court in *Fogarazzo* aptly summarized:

---

[12]    As they did for identical reasons in their motion to dismiss, Defendants again argue Hupfer should be dismissed because the Complaint does not allege he engaged in insider trading during the Class Period.  *See* Dkt. No. 30 at p. 21.  Indeed, "[i]t is improper on a motion for reconsideration to ask the Court to rethink what it had already thought through – rightly or wrongly."  *In re The Loewen Group*, 2006 WL 27286, at *2.  In any event, as set forth above, *Tellabs* makes clear that insider sales are **not required** to raise a strong inference of scienter.  Thus, the Court, in reviewing the Complaint's allegations holistically, did not commit "manifest injustice" by determining that the Complaint adequately alleged scienter to Defendant Hupfer.

[13]    Defendants weakly argue that reconsideration is necessary because the court "applied the standard for dismissal under *Conley v. Gibson*, 335 U.S. 41 (1957), which has been abrogated by *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)."  Def. Mem. at 4.  No so.  While the Court did cite *Conley*, the Order makes clear that the Court applied Rule 9(b) to its analysis, as well as the heightened pleading standards of the PSLRA.  *See* Order at 2 (noting that the PSLRA "places additional pleading requirements on private securities plaintiffs that significantly alter a court's analysis of a motion to dismiss in a private securities action.").  The citation to *Conley* does not equate to the "manifest injustice" necessary for reconsideration, particularly where the Court has applied the heightened pleading requirements of Rule 9(b) and the PSLRA.

[14]    In their Motion, Defendants ask the Court to "stay discovery pending resolution" of any appeal.  *See* Def. Mem. at 13.  Defendants cite no authority in support of this position.  Indeed, pursuant to the PSLRA, discovery in this case was stayed from the time of the filing of Plaintiff's original complaint on June 26, 2008 until the Court issued its Order on August 14, 2009 – nearly 14 months.  Continuing the discovery stay in contravention of the PSLRA, *see* 15 U.S.C. §78u-4(b)(3)(B), would not only be at odds with statutory authority, but would cause material prejudice for Plaintiff and the proposed Class.  Indeed, the Class Period begins in early 2007.  As time passes, memories of key witnesses will fade and it will become more likely that key documents (particularly from third parties) will be lost or damaged.  As a result, Defendants' Motion should be denied and the parties, in accordance with the PSLRA, should be permitted to commence discovery immediately and without interruption.

In this motion, [Sonoco] does not seek review of a discrete controlling question of law that it believes must be resolved.  Rather, it calls into question the entirety of the [Order], suggesting that the determination that the complaint's allegations are sufficiently particular was erroneous.  [Sonoco] moved to have the complaint against it dismissed, and it lost.  While losing a dispositive motion is a setback to its case, and no doubt upsetting, the [Order] is not the proper subject of a section 1292(b) certification.  As Judge Brieant has explained,

> The District Court should not lose credibility with the Court of Appeals by certifying interlocutory appeals simply to accommodate requests of counsel who are dissatisfied with or inconvenienced by a ruling made by the District Court, or to entice the Court of Appeals to provide more grist for the law reviews.  A trial court must recognize that winners and losers are about equal in number, and that litigators will litigate any issue as far as they can, and will appeal whenever they can do so.

*See* 2004 WL 1555136, at *3.

DATED:  September 14, 2009

HOPKINS & CAMPBELL, LLP
WILLIAM E. HOPKINS (S.C. Bar 6075)

*s/ William E. Hopkins*
William E. Hopkins

1122 Lady Street, Suite 1010
Columbia, SC  29201
Telephone:  803/256-6152
803/256-6155 (fax)
wehopkins@hopkinscampbell.com

**Liaison Counsel for Lead Plaintiff**

COUGHLIN STOIA GELLER
   RUDMAN & ROBBINS LLP
JACK REISE (*pro hac vice*)
STEPHEN R. ASTLEY (*pro hac vice*)
MICHAEL L. GREENWALD (*pro hac vice*)
120 East Palmetto Park Road, Suite 500
Boca Raton, FL  33432
Telephone:  561/750-3000
561/750-3364 (fax)
jreise@csgrr.com
sastley@csgrr.com
mgreenwald@csgrr.com

**Lead Counsel for Lead Plaintiff**

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 14, 2009, I electronically filed the foregoing with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

s/WILLIAM E. HOPKINS
WILLIAM E. HOPKINS