IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| CITY OF ANN ARBOR EMPLOYEES' RETIREMENT SYSTEM, on Behalf of Itself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>SONOCO PRODUCTS CO., HARRIS E. DELOACH JR., and CHARLES J. HUPFER,<br><br>Defendants. | CASE NO: 4:08-cv-2348-TLW-TER |

**REPLY BRIEF IN FURTHER SUPPORT OF
DEFENDANTS' MOTION FOR RECONSIDERATION OR, IN THE ALTERNATIVE,
FOR AMENDMENT OF THE AUGUST 14, 2009 ORDER TO INCLUDE
CERTIFICATION FOR INTERLOCUTORY APPEAL**

### I.     INTRODUCTION

Defendants submit this Reply Brief to address several of the Lead Plaintiff's flawed arguments as to Defendants' Motion for Reconsideration or, In the Alternative, For Amendment of the August 14, 2009 Order to Include Certification for Interlocutory Appeal ("Def. Mot." or "Defendants' Motion"). In opposing Defendants' Motion, Lead Plaintiff misstates the law and misconstrues Defendants' arguments

### II.     ARGUMENT AND CITATION OF AUTHORITY

**Question 1.** Is an omission claim actionable where the allegedly misleading statement to which the omission relates is a forward-looking statement that is considered immaterial as a matter of law pursuant to Raab v. Gen. Physics Corp., 4 F.3d 286 (4th Cir. 1993)?

LEGAL02/31513755v2

- Defendants' opening papers accurately stated the pre-Reform Act controlling law in the Fourth Circuit regarding whether forward-looking statements are material under the federal securities laws -- projections of future performance not worded as guarantees are not actionable because they are immaterial. Raab v. Gen. Physics Corp., 4 F.3d 286, 290 (4th Cir. 1993); see Memorandum of Law in Support of Def. Mot. at 7. Defendants seek certification of the controlling legal issue whether an omission relating to an immaterial forward-looking statement is actionable under the federal securities laws.

- Lead Plaintiff asserts that forward-looking statements that are "supported by specific statements of fact" (Malone v. Microdyne Corp., 26 F.3d 471, 479 (4th Cir. 1994)) or "contingent on specific stated supporting facts" (In re Trex Co., Inc. Sec. Litig., 454 F. Supp. 2d 560, 575 (W.D. Va. 2006)) are actionable. Lead Plaintiff's Memorandum in Opposition to Def. Mot. ("Lead Pl. Mem.") at 10. For these propositions, Lead Plaintiff incorrectly relies on Malone and Trex.

- As an initial matter, Lead Plaintiff's reading of how the Courts in Malone and Trex interpreted the Fourth Circuit's standard in Raab creates a carve out to the general rule about the immateriality of forward-looking statements that would swallow the rule. Every forward-looking statement has at least some facts imbedded in it. Under Lead Plaintiff's strained reading of the law, forward-looking statements would virtually always be actionable. And yet, the forward-looking statements at issue in Malone and Trex were not (even though under Lead Plaintiff's version of the test they should have been). To the extent there is a debate about the significance of Malone and Trex, Fourth Circuit guidance on this point would materially advance this case and other cases in this Circuit. Malone was a Fourth Circuit case, but it was decided before the Reform Act was passed. Trex is a District Court

- case. This case – if certified – would provide the Fourth Circuit with the opportunity to clarify this important issue under the Safe Harbor of the Reform Act. 15 U.S.C. § 78u-5(c).
- Even if it is assumed, <u>arguendo</u>, that Lead Plaintiff's reading of the purported carve out in <u>Malone</u> and <u>Trex</u> is correct, its argument still falters. Lead Plaintiff concludes that the forward-looking earnings forecasts at issue in the Amended Complaint cannot be immaterial because "Sonoco's earnings projections were made contingent on specifically stated supporting facts, namely that there was 'no significant change in companywide volumes and/or prices.'" Lead Pl. Mem. at 10 (citing Amended Complaint at ¶¶ 42, 60). But Lead Plaintiff fails to quote the company's entire statement, which actually reads as follows: "Both the upcoming quarter and annual forecasts are given *assuming* no significant change in companywide volumes and/or prices due to a change in general economic conditions." Amended Complaint at ¶42 (emphasis added); <u>see also id.</u> ¶ 60. When the complete statement is revealed, it is clear why Lead Plaintiff's argument is wrong for at least two reasons. First, the quote is not a "specific statement of fact," rather it is a general assumption regarding future economic conditions (which itself is an immaterial forward-looking statement). Second, for similar reasons, there is no "contingency" here based on specific stated supporting facts. Rather, the company merely articulated a general assumption regarding future economic conditions.
- Because the forward-looking statements in the Amended Complaint are immaterial as a matter of law, the controlling legal question presented for appeal to the Fourth Circuit about alleged omissions related to those forward-looking statements is dispositive as to all but one of the allegations in the Amended Complaint.

**Question 2.** Can a plaintiff satisfy the requirement of the Reform Act to plead falsity of a statement with particularity by alleging the statement was untrue as to one customer of the company even though the statement on its face applies to the company as a whole?

- Rather than address the legal issue presented by Defendants, Lead Plaintiff resorts to a factual argument by pointing to an additional allegedly false statement in the April 20, 2007 press release that referenced higher selling prices within the Consumer Packaging segment as well as those company-wide. Lead Pl. Mem. at 12 (citing Amended Complaint at ¶ 60). Based solely on that dual reference (as opposed to the single company-wide reference in Defendants' opening papers), Lead Plaintiff argues that the legal question Defendants seek certified for appeal has no merit. Lead Plaintiff's distinction is a red-herring and wholly irrelevant to the analysis.

- Regardless of whether the allegedly false statement about higher prices was made with respect to the company as a whole or to one of the four segments within the company, there is no dispute that when it comes to the allegation of why those statements are allegedly untrue, the Amended Complaint references ONE price concession to ONE customer (Mars) in ONE division (Flexible Packaging) out of five in ONE segment in the company (Consumer Packaging) out of four. Amended Complaint at ¶ 31. That sole allegation about the Mars price concession does not make the other statements about higher prices false. See, e.g., Van Ormer v. Aspen Tech., Inc., 145 F. Supp. 2d 101, 105 (D. Mass. 2000); see also In re Cerner Corp. Sec. Litig., 425 F.3d 1079, 1083-84 (8th Cir. 2005); Rombach v. Chang, 355 F.3d 164, 174 (2nd Cir. 2004); In re Patterson Cos., Inc. Sec. Litig., 479 F. Supp. 2d 1014, 1031 (D. Minn. 2007); In re Lab. Corp. of Am. Holdings Sec. Litig., No. 1:03CV591, 2006 WL 1367428, at *11 (M.D.N.C. May 18, 2006). One price concession to one customer could be accompanied by simultaneous price increases to scores of other customers within

the Consumer Packaging segment or across Sonoco's other three segments, which collectively resulted in overall selling prices segment-wide or company-wide that were higher. Id. Aside from the single reference to Mars, the Amended Complaint is utterly silent about whether prices throughout the company (or even in the Consumer Packaging segment) were lower.

- Notwithstanding Lead Plaintiff's smoke and mirror tactics, certification of the Order would allow the Fourth Circuit to clarify what it means to plead *"sufficient facts* to support a *reasonable belief* in the allegation that the defendant's statement was misleading." Teachers' Ret. Sys. of La. v. Hunter, 477 F.3d 162, 174 (4th Cir. 2007).

   > **Question 3.** Can a plaintiff satisfy the Reform Act's requirement to plead facts giving rise to a strong inference of scienter by alleging only that one defendant sold company stock, and, if so, can one defendant's sales of stock support a strong inference of scienter as to a defendant that did not sell any stock?

- The Order only cites motive and opportunity allegations concerning Mr. DeLoach's stock sales to support the Court's holding regarding scienter. See Order at 6. Defendants, therefore, seek certification of whether stock sales by one individual defendant alone give rise to a strong inference of scienter for either that defendant or the other defendants.

- Recycling old arguments (see, e.g., Lead Pl. Mem. at 4-5) to read something into the Order that is not there, Lead Plaintiff turns Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308 (2007), on its head to undercut the issue presented for certification. Lead Plaintiff argues that the Court complied with Tellabs by viewing "all" the scienter allegations in the Amended Complaint holistically, not just the motive and opportunity allegations regarding Mr. DeLoach's stock sales. And yet, aside from the motive and opportunity allegations, the Amended Complaint is utterly devoid of other cognizable scienter allegations. The only allegation from which it is even remotely possible to draw an inference of scienter, therefore,

is Mr. DeLoach's stock sales – which is precisely why Defendants framed the issue for certification the way we did.

- Lead Plaintiff argues that <u>Tellabs</u> held that insider stock sales are not necessary to establish scienter. That may be true, but when insider stock sales are all the Amended Complaint alleges to support a strong inference of scienter, they necessarily are the basis for the inference, thus providing further support for certification of the issue presented.

- As noted in Defendants' opening papers, although the Fourth Circuit has held that allegations concerning stock sales <u>may</u> support an inference of scienter, "it will only do so if the *timing* and *amount* of the sale(s) are 'unusual and suspicious.'" <u>In re PEC Solutions, Inc. Sec. Litig.</u>, 418 F.3d 379, 390 (4th Cir. 2005) (emphasis added). Lead Plaintiff goes to great efforts to divert the Court's attention away from the crucial "amount" prong of the analysis. Lead Plaintiff argues that the Court cannot consider the total amount of Mr. DeLoach's stock holdings and options during the relevant time period in order to assess whether the amount sold was unusual or suspicious. Lead Pl. Mem. at 15 n.10. Lead Plaintiff is flat wrong -- scores of cases (including the Fourth Circuit in <u>Cozzarelli v. Inspire Pharm. Inc.</u>, 549 F.3d 618, 628 (4th Cir. 2008)) do just that.

- Certification of the Order would provide the Fourth Circuit the option to clarify what threshold amount of stock retention is required to negate an inference of scienter based on alleged stock sales. Moreover, certification of the Order would allow the Fourth Circuit to clarify the result when <u>only one defendant</u> (Mr. DeLoach) is alleged to have made stock sales.

- Alternatively, for the reasons noted above, the Court could reconsider the Order, take guidance from the Fourth Circuit's holding in <u>Cozzarelli</u> that the sale of 13% of a

defendant's holdings does not support an inference of scienter, and dismiss the Amended Complaint for failure to allege a strong inference of scienter. Cozzarelli, 549 F.3d at 628. Reconsideration is particularly appropriate with respect to individual Defendant Charles Hupfer, who is not alleged to have sold any stock whatsoever during the relevant time period. Indeed, the Amended Complaint contains no scienter allegations at all as to Mr. Hupfer. Where some of the defendants did not profit from the alleged fraud, there is no inference of scienter as to any of the defendants. In re Humphrey Hospitality Trust, Inc. Sec. Litig., 219 F. Supp. 2d 675, 686 (D. Md. 2002).

### III.   CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant their Motion for Reconsideration or, In the Alternative, For Amendment of the August 14, 2009 Order to Include Certification for Interlocutory Appeal by reconsidering its prior ruling as to the sufficiency of the allegations under the Reform Act and dismissing the Amended Complaint. Alternatively, Defendants respectfully request that the Court amend the Order to certify the designated issues for interlocutory appeal pursuant to 28 U.S.C. § 1292(b) and stay discovery pending resolution of the appeal.

Respectfully submitted, this 24TH day of September, 2009.

/s/ Manton M. Grier
William C. Boyd – D.S.C. No. 1432
Manton M. Grier – D.S.C. No. 2461
Robert Y. Knowlton – D.S.C. No. 2380
HAYNSWORTH SINKLER BOYD, P.A.
The Capital Center
1201 Main Street, Suite 2200 (29201)
Post Office Box 11889 (29211)
Columbia, South Carolina
(803) 779.3080

Todd R. David – Ga. Bar No. 206526
John A. Jordak, Jr. – Ga. Bar No. 404250
Lisa R. Bugni – Ga. Bar No. 143077
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, Georgia 30309
(404) 881.7000

*Attorneys for Defendants*