IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| City of Ann Arbor Employees' Retirement System, *Individually and on Behalf of All Others Similarly Situated*,<br><br>        Plaintiffs,<br><br>vs.<br><br>Sonoco Products Co., Harris E. DeLoach, Jr., and Charles J. Hupfer,<br><br>        Defendants. | Civil Action No. 4:08-cv-2348-TLW-TER<br><br>**ORDER** |

The plaintiffs, the City of Ann Arbor Employees' Retirement System ("plaintiffs"), originally filed this class action on June 26, 2008. (Doc. #1). The plaintiffs filed an amended class action complaint on October 14, 2008. (Doc. #27). The defendants, Sonoco Products Co., Harris E. DeLoach, Jr., and Charles J. Hupfer ("defendants") filed a motion to dismiss the amended class action complaint on November 5, 2008. (Doc. #30). The plaintiffs filed a response in opposition to the defendants' motion to dismiss. (Doc. #33). The defendants then filed a reply to the plaintiffs' response, as well as a supplement to the initial motion to dismiss. (Doc. #35, #36). The Court held a hearing on this matter on July 31, 2009. Following the hearing, this Court issued an Order denying the defendants' motion to dismiss the amended class action complaint on August 14, 2009. (Doc. #52).

This matter is now before the Court for consideration of the defendants' motion to reconsider this Court's denial of the motion to dismiss, or in the alternative, to amend the Order to include a certification for interlocutory appeal. (Doc. #54). The plaintiffs filed a response in opposition to this motion on September 14, 2009. (Doc. #57). The defendants filed a reply to the plaintiff's response

on September 24, 2009. (Doc. #59).

Federal Rule of Civil Procedure 59(e) provides that "[a]ny motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment." Although Rule 59(e) does not itself provide a standard under which a District Court may grant a motion to alter or amend a judgment, the Fourth Circuit Court of Appeals has recognized three grounds for amending an earlier judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice. Pacific Ins. Co. v. American National Ins. Co., 148 F.3d 396,403 (4th Cir. 1998) *cert. denied*, 525 U.S. 1104 (1999). Thus, Rule 59(e) permits a District Court to correct its own errors, "sparing the parties and the appellate courts the burden of unnecessary appellate proceedings." Id. (citing Russell v. Delco Remy Div. of Gen. Motors Corp., 51 F.3d 746, 749 (7th Cir. 1995)). Rule 59(e) motions may not be used, however, to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance. Id. Similarly, if a party relies on newly discovered evidence in its Rule 59(e) motion, the party must produce a legitimate justification for not presenting the evidence during the earlier proceeding. Id. (citing Small v. Hunt, 98 F.3d 789, 798 (4th Cir. 1996)). In general, reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly. Id.

In light of these standards, the Court has carefully reviewed the defendants' motion and the supplemental filings by both parties. After careful consideration of the relevant filings and the caselaw cited by the parties, including the Supreme Court's decision in Bell Atlantic Corp. v.

Twombly, 550 U.S. 544 (2007)[1], the Court concludes that there is no basis under Federal Rule of Civil Procedure 59(e) for this Court to modify its Order of August 14, 2009. (Doc. #52).

The Court has also considered the defendants' request for certification to file an interlocutory appeal to the Fourth Circuit in detail. United States Code Title 28, Section 1292(b) provides that:

> [w]hen a district judge, in making a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing such order.

Several courts have noted that only "exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." LaBelle v. Philip Morris Inc., 1999 WL 33591439 *1 (D.S.C. 1999) (quoting Coopers & Lybrand v. Livesay, 437 U.S. 463 (1978)). Other courts have noted that "it is axiomatic that a Section 1292 'interlocutory appeal must be based on exceptional circumstances that justify a departure from the basic policy limiting appellate review to final judgments.'" Harris v. Experian Information Solutions, Inc., 2007 WL 1863025 *3 (D.S.C. 2007) (quoting Terry v. June, 368 F. Supp. 2d 538, 539 (W.D. Va. 2005)). In addition, the "decision whether to certify a non-final order for interlocutory appeal lies within the discretion of the district court." Id. The Court has fully reviewed the record in this case, and determined that the issues in this case are not appropriate for certification pursuant to 28 U.S.C. § 1292(b).

## CONCLUSION

For the foregoing reasons, the defendants' motion for reconsideration or in the alternative

---

[1] This Court has previously noted that this action is governed not only by Fed. R. Civ. P. 12(b)(6), but also by the more restrictive provisions of Fed. R. Civ. P. 9(b) and the Public Securities Litigation Reform Act, 15 U.S.C. § 78u-4. See (Doc. #52).

for certification pursuant to 28 U.S.C. § 1292(b) is hereby denied.  (Doc. #54).

**IT IS SO ORDERED**.

                                                    s/Terry L. Wooten
                                                 United States District Judge

November 10, 2009
Florence, South Carolina